**Brian EBERSTEIN, Appellant**

v.

**Patricia A. (Eberstein) HUNTER, Appellee.**

No. 05–06–01336–CV.

Court of Appeals of Texas, Dallas.

July 21, 2008.

Michelle May O'Neil, Dallas, TX, for Appellant.

Bill C. Hunter, Dallas, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment in a proceeding to enforce contractual alimony obligations that were incorporated into a divorce decree. The trial court awarded Patricia A. (Eberstein) Hunter a money judgment against Brian Eberstein in the amount of $308,982.58 plus attorney's fees. In four issues, Eberstein asserts: (1) Hunter did not establish her entitlement to judgment as a matter of law, (2) he raised material fact issues on his affirmative defenses, (3) the summary judgment evidence does not support the attorney's fees award, and (4) we lack jurisdiction over this appeal because the summary judgment order is not a final order. For the reasons that follow, we conclude we have jurisdiction over this appeal. We modify the trial court's judgment to reduce the amount of contractual alimony awarded to Hunter from $281,000 to $278,000 and affirm the judgment on contractual alimony as modified. We reverse the trial court's judgment pertaining to the award of attorney's fees. We remand the cause to the trial court for further proceedings consistent with this opinion and recalculation of prejudgment interest. We affirm the trial court's judgment in all other respects.

## I.

Eberstein and Hunter were divorced in 2001. The agreed decree of divorce incorporated an "Agreement Incident to Divorce" in which Eberstein agreed to pay Hunter $10,000 per month from April 1, 2001 up to and including April 1, 2004, $7,000 per month from May 1, 2004 up to and including May 1, 2006, and $3,000 per month from June 1, 2006 up to and including June 1, 2009.[1]

In 2005, Hunter filed a petition pursuant to section 9.010 of the Texas Family Code to recover a money judgment for amounts owed under the parties' agreement for contractual alimony. Hunter also sought attorney's fees in connection with the proceeding. The trial court granted Hunter's motion for summary judgment awarding judgment against Eberstein as follows: $281,000 for unpaid alimony, $27,082.58 for prejudgment interest, and $20,000 for attorney's fees. Eberstein appealed.

## II.

■ We begin our discussion with Eberstein's fourth issue, which questions our jurisdiction over this appeal even though it is Eberstein who invoked our jurisdiction. Eberstein argues the summary judgment before us is not final because additional claims between the parties remain pending in the trial court. Specifically, Eberstein refers to a 2003 petition for a money judgment and enforcement of a property award under the divorce decree previously filed by Hunter. The 2003 action is unrelated to Hunter's 2005 petition to enforce contractual alimony provisions. Eberstein contends, however, that because both petitions were filed under the cause number of the underlying divorce action, all claims made in the 2003 and 2005 petitions must be disposed of before there can be a final judgment subject to appeal.

■ Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, *Lehmann* only addresses cases in which one final and appealable judgment can be rendered. *Id.* at 192. Its holding does not apply to cases in

---

**1.** If either party died before June 1, 2009, the alimony obligation would terminate.

which multiple judgments, final for purposes of appeal, can be rendered on certain discrete issues. *Id.* Although both actions were filed under the same cause number as the underlying divorce action, the 2003 and 2005 post-judgment petitions are distinctly different actions that were prosecuted separately after separate citations were served on Eberstein. Eberstein has cited no case, and we have found none, that applies *Lehmann* to separate and distinct post-divorce enforcement petitions as we have here. The summary judgment before us disposed of all claims and parties pending in the 2005 petition. We therefore conclude it is a final judgment for purposes of appeal. We resolve Eberstein's fourth issue against him.

In his first issue, Eberstein contends Hunter's summary judgment evidence was insufficient to support an award in her favor. He asserts Hunter's supporting affidavit was conclusory, the agreement incident to divorce attached to Hunter's motion for summary judgment was not properly authenticated and constituted inadmissable hearsay, and the summary judgment proof does not support the full amount of the trial court's alimony award.

■ We first address Hunter's authentication and hearsay complaints. These complaints are defects in the form of summary judgment evidence that cannot be grounds for reversal unless specifically pointed out to the trial court by objection. *See Republic Bankers Life Ins. Co. v. Wood,* 792 S.W.2d 768, 774–75 (Tex. App.-Fort Worth 1990, writ denied) (authentication); *Methodist Hosps. of Dallas v. Amerigroup Tex., Inc.,* 231 S.W.3d 483, 492 (Tex.App.-Dallas 2007, pet. denied) (hearsay). Because Eberstein did not present these objections to the trial court and obtain a ruling, he has waived the

right to complain about the evidence on appeal. *See* Tex.R.App. P. 33.1(a).

■ Eberstein also contends that Hunter's affidavit is conclusory because she makes general conclusions about the non-payments instead of setting forth the due date for each payment and listing the specific payments not paid. We do not agree. Relying on the parties' agreement incident to divorce, Hunter's affidavit calculates the amount of unpaid payments due as follows: $100,000 from July 1, 2003 through April 1, 2004; $91,000 from May 1, 2004 through May 1, 2005; $84,000 from June 1, 2005 through May 1, 2006 and $3,000 for June 1, 2006. Hunter goes on to state the aggregate unpaid amount of payments Eberstein owed her through June 1, 2006 was $278,000. These statements are not conclusions. Hunter is reciting facts based on her personal knowledge. Accordingly, we reject Eberstein's contention that Hunter's affidavit is not competent summary judgment evidence.

■ Finally, Eberstein asserts the summary judgment proof does not support the full amount of trial court's $281,000 alimony award. We agree with Eberstein on this point. Hunter's affidavit indicates that as of June 1, 2006, the total amount of unpaid alimony due and owing from Eberstein was $278,000. But the trial court's judgment signed on July 11, 2006 awarded an additional $3,000, bringing the total amount of the alimony awarded to Hunter to $281,000. Apparently, the additional $3,000 reflected the amount of alimony due from Eberstein as of July 1, 2006. There is nothing in the summary judgment record, however, indicating Eberstein did not make the July payment. Consequently, the trial court erred in including this additional amount in its judgment. We sustain Eberstein's first issue in part and will modify the trial court's judgment to omit this additional $3,000.

In his second issue, Eberstein asserts summary judgment was improper because he raised a fact issue on his affirmative defenses of novation, accord and satisfaction, and laches. We first note that Eberstein did not assert the defenses of accord and satisfaction or laches in his response to Hunter's summary judgment. Because these defenses were not expressly presented to the trial court in writing, they cannot be considered on appeal as grounds for reversal. See TEX.R. CIV. P. 166a(c).

Eberstein did raise, however, the issue of novation in his response to Hunter's motion for summary judgment. The only evidence offered to support his novation defense was his affidavit indicating that after September 2003, the parties agreed there was no further need for him to pay alimony. Hunter objected to Eberstein's affidavit in its entirety and to every sentence specifically with the exception of the sentence, "Prior to June 2003, I paid the sum of $215,800 in alimony directly to my ex-spouse." The trial court sustained Hunter's objections to Eberstein's affidavit.[2] As a result, there was no summary judgment evidence before the trial court to create a fact issue on Eberstein's novation defense. Accordingly, we resolve Eberstein's second issue against him. In his third issue, Eberstein contends Hunter's summary judgment evidence was legally insufficient to support the trial court's award of attorney's fees. Specifically, Eberstein argues that the affidavit filed by Hunter's attorney was conclusory and, thus, not competent summary judgment evidence.

A trial court may grant summary judgment based on uncontroverted testimonial evidence "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." See TEX.R. CIV. P. 166a(c). A conclusory statement is one that does not provide the underlying facts to support the conclusion. Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Conclusory statements in affidavits are not competent evidence to support a summary judgment because they are not credible or susceptible to being readily controverted. See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.1996).

Hunter's attorney filed his affidavit in support of her request for attorney's fees. The affidavit details his work experience and training and indicates he was engaged to represent Hunter to bring this action for unpaid contractual alimony. He states that Hunter is entitled to recover reasonable attorney's fees incurred for bringing this proceeding pursuant to a provision in the agreement incident to divorce. He then opines "a reasonable fee for representation of [Hunter] in the present proceeding is the sum of Fifty Thousand Dollars ($50,000), through the entry of final judgment pursuant to the [motion for summary judgment]." The affidavit, however, provides absolutely no factual basis for his opinion. We therefore conclude the affidavit was not competent evidence to support summary judgment on Hunter's claim for attorney's fees. We resolve Eberstein's third issue in his favor.

In conclusion, we modify that part of the trial court's judgment awarding Hunter $281,000 in contractual alimony to reduce the amount to $278,000. We affirm the trial court's judgment on contractual alimony as modified. We reverse the trial court's judgment pertaining to the award of attorney's fees. We remand the cause to the trial court for further proceedings

**2.** Eberstein does not challenge the trial court's evidentiary ruling on appeal.

consistent with this opinion and for recalculation of prejudgment interest. We affirm the trial court's judgment in all other respects.[3]

---

**3.** Hunter filed a motion in this Court on January 16, 2007 to dismiss the appeal, grant judgment for costs, and award sanctions. After reviewing the motion and the supplement filed April 22, 2008, we deny Hunter's motion by separate order to be issued with this opinion.