NO. 07-12-00215-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 28, 2013

_____

MCCRAW MATERIALS, LLC, MAYFIELD MCCRAW, AND
BRENDA MCCRAW, APPELLANTS

v.

DIVLEND EQUIPMENT LEASING, L.L.C., APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-558,321; HONORABLE LESLIE HATCH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, McCraw Materials, LLC, Mayfield McCraw, and Brenda McCraw (collectively "McCraw"), appeal the trial court's entry of a Partial Summary Judgment[1] that awarded appellee, DivLend Equipment Leasing, LLC, a $403,750 insurance payment and attorney's fees. We will affirm.

---

[1] The trial court's Partial Summary Judgment was made final and appealable when the trial court signed an Order Granting Plaintiff's Motion to Sever Remaining Claims and Causes of Action on February 28, 2012.

## Background

McCraw Materials and DivLend entered into an equipment lease in June of 2008. The lease covered an agricultural spray airplane that was valued at approximately $425,000. The lease was for a five-year term. After McCraw Materials made a down payment of $42,500, monthly payments were to be made throughout the term of the lease but the amount of these monthly payments would vary based on the income McCraw Materials was able to produce from the airplane.

The lease required McCraw Materials to obtain insurance on the airplane. The lease further required that DivLend be named as "Owner/Lessor" of the airplane on the policy. McCraw Materials obtained insurance on the airplane. However, it had itself listed as the loss payee and DivLend listed as a lienholder.

On April 13, 2011, the airplane was destroyed in a crash. The insurance carrier declared the airplane a total loss and issued a check in the amount of $403,750,[2] payable to McCraw Materials, DivLend, and Platinum Bank.[3] DivLend requested McCraw indorse the check over to DivLend, but McCraw refused. Consequently, DivLend filed suit against McCraw in July of 2011. By order of the trial court, the insurance check was placed in the Registry of the Court pending disposition by the trial court.

---

[2] This amount represents the $425,000 value of the airplane under the insurance policy, less a $21,250 deductible.

[3] Platinum Bank is not a party to the present case, and the record does not reflect the nature of its interest in the airplane or insurance payment.

In December of 2011, DivLend filed a motion for summary judgment. By this motion, DivLend sought an order turning over the insurance check to DivLend, a judgment against McCraw for $425,000, and an award of attorney's fees. McCraw filed a response to DivLend's motion. By a letter dated February 20, 2012, the trial court notified the parties of its intent to grant DivLend a partial summary judgment. The trial court signed a partial summary judgment that awarded DivLend the insurance payment that was held in the Registry of the Court, and attorney's fees in the amount of $18,330.50. After the trial court severed DivLend's remaining claims into a separate cause number, McCraw appealed.

McCraw presents seven issues by this appeal. Each of McCraw's issues challenge the trial court's ability to grant summary judgment in favor of DivLend. By their first issue, McCraw contends that the lease agreement was not enforceable because it is ambiguous. By their second issue, McCraw contends that a fact issue was raised regarding whether McCraw materially breached the lease agreement. By their third issue, McCraw contends that there was no personal liability of the guarantors of the lease agreement because there was no liability of McCraw Materials under the lease agreement. By their fourth, fifth, and sixth issues, McCraw contends that the trial court erred in granting summary judgment on the bases of DivLend's claims for money had and received, fraudulent inducement, and the damage or loss provision of the lease agreement. Finally, by their seventh issue, McCraw contends that the trial court erred in overruling their objection to DivLend's attorney's affidavit as so conclusory that it could not be controverted.

## Standard of Review

Each of McCraw's issues challenge the propriety of the trial court's grant of summary judgment in favor of DivLend. We review the trial court's decision to grant summary judgment *de novo*. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. Id. A trial court properly grants a motion for summary judgment when the movant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See TEX. R. CIV. P. 166a(c); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215-16 (Tex. 2003). When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. Knott, 128 S.W.3d at 216.

## Issue One - Ambiguity

McCraw's first issue on appeal contends that the trial court erred in granting summary judgment because the lease agreement is not a valid, enforceable contract because it is ambiguous. We disagree with McCraw's contention and find the applicable lease provision to be unambiguous and to support the trial court's summary judgment ruling.

Whether a contract is ambiguous is a question of law that is reviewed *de novo*. Bowden v. Phillips Petro. Co., 247 S.W.3d 690, 705 (Tex. 2008). If a contract can be

4

given a certain or definite legal meaning or interpretation, then it is not ambiguous and we will construe it as a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). However, if a contract's meaning is reasonably susceptible to more than one meaning, it is ambiguous, and the interpretation of the contract becomes a fact issue. See id. at 393-94.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. Valence Operating Co., 164 S.W.3d at 662. To achieve this objective, courts must consider the entire writing with the goal of harmonizing and giving effect to all the provisions of the contract so that none will be rendered meaningless. Id. Courts are to give contract terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. Id.

In the present case, the provision of the lease agreement that addresses entitlement to insurance payments provides that, "[t]he proceeds of such insurance payable as a result of loss or damage to any item of the Equipment shall be applied to satisfy Lessee's obligations as set forth in Paragraph 5 above, and Paragraph 9 below." Paragraph 5 of the lease agreement identifies rent and other rent-related obligations under the lease. Paragraph 9 of the lease agreement identifies the terms of McCraw's option to purchase equipment covered by the lease. Undisputed evidence was presented to the trial court that, as of July 25, 2011, the remaining rent-related obligations under the lease were $386,060. Further, undisputed evidence was presented to the trial court that, as of February of 2011, exercise of the option to

purchase would be $363,532.71, which appears to reflect payoff of the remaining rent-related obligations under the lease plus a $42,500 purchase option.

McCraw advances multiple constructions of the lease agreement and contends that the lease agreement is ambiguous as to what obligations would arise if the airplane was destroyed and payment was received under the insurance policy on the plane. However, we conclude that the language of the provision quoted above can be given only one reasonable construction, and that is that insurance payable as a result of loss of the airplane shall be applied to satisfy McCraw's remaining rent-related obligations under the lease <u>and</u> the cost of McCraw's exercise of the option to purchase. Because we construe the lease agreement's plain language to have a definite legal meaning, we conclude that it is not ambiguous and will construe it as a matter of law. <u>See</u> <u>Coker</u>, 650 S.W.2d at 393.

Based on our construction of the lease agreement, we conclude that the trial court did not err in awarding the $403,750 insurance payment to DivLend. The lease provided that insurance payable as a result of loss of the airplane shall be applied to satisfy McCraw's remaining rent-related obligations under the lease, which undisputed evidence established to be at least $386,060, <u>and</u> the cost of McCraw's exercise of the option to purchase, which undisputed evidence established to be at least $42,500.[4] As

_____

[4] This $42,500 purchase option price is predicated on DivLend's February 22, 2011 letter. This letter provided that, under the lease, McCraw was obligated to meet all remaining rent obligations under the lease and could then exercise the purchase option and purchase the airplane for 10 percent of the plane's value, or $42,500.

such, the undisputed evidence establishes that DivLend was entitled to at least $428,560.[5]

Consequently, we conclude that the lease agreement was not ambiguous and overrule McCraw's first issue. Further, when we construe the lease agreement as a matter of law and consider the undisputed evidence of the minimum amount due under the lease agreement, we conclude that the trial court did not err in awarding DivLend the $403,750 insurance payment that had been held in the Registry of the Court.

Issues 2, 4, and 5

By their second, fourth, and fifth issues, McCraw challenges additional bases upon which the trial court could have granted summary judgment in favor of DivLend. Specifically, McCraw contends that they did not materially breach the lease agreement, and DivLend's claims of money had and received and fraudulent inducement do not support summary judgment. Because we have determined that the trial court did not err in granting summary judgment in favor of DivLend under the unambiguous terms of the lease agreement, we need not address whether these additional grounds might support the trial court's ruling. See TEX. R. APP. P. 47.1.

---

[5] Our identification of the remaining amounts due under the lease agreement should not be taken as conclusive. Rather, we conclude only that these amounts reflect the minimum amounts due under paragraphs five and nine of the lease agreement. The trial court did not make specific factual determination of the amount due under the lease agreement. We reference the undisputed evidence regarding McCraw's obligations under the lease agreement only to establish that the evidence supports the trial court's award of the $403,750 insurance payment to DivLend. Any damages beyond the $403,750 insurance payment were not determined by the trial court's summary judgment and, therefore, are not before this Court in this appeal.

## Issue 6 – "Remaining Damages"

By their sixth issue, McCraw contends that the trial court erred in determining that DivLend was entitled to seek remaining damages under the damage or loss provision of the lease agreement. However, nothing in the summary judgment that is before this Court addresses, explicitly or implicitly, DivLend's right to seek remaining damages under the damage or loss provision of the lease agreement.[6] Therefore, this issue is not properly before this Court in the present appeal.

## Issue 3 – Guarantors' Liability

By their third issue, McCraw challenges the individual liabilities of Brenda McCraw and Mayfield McCraw as guarantors of the lease agreement. However, rather than contending that Brenda and Mayfield are not liable for some particular reason related to the guaranty agreements, McCraw argues that Brenda and Mayfield are not liable under the lease agreement because McCraw Materials is not liable under the lease agreement. Having previously determined that the trial court did not err in awarding DivLend damages under the summary judgment against McCraw Materials, we overrule McCraw's third issue.

## Issue 7 – Attorney's Fee Affidavit

By their seventh issue, McCraw contends that the trial court erred in overruling their objection that the attorney's fee affidavit of DivLend's attorney was conclusory and

---

[6] The trial court's February 20, 2012 letter ruling does indicate that DivLend's entitlement to damage or loss under the lease agreement was not decided by the summary judgment and would be addressed at trial. However, we cannot review the trial court's indication that the issue will be addressed at the trial of a different cause in the context of an appeal from a summary judgment that does not address the issue.

could not be controverted.  The admission or exclusion of evidence is a matter within the trial court's sound discretion.  In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  While McCraw's issue relates to the trial court's decision to admit the attorney's fee affidavit over McCraw's objection, McCraw's argument in support of the issue focuses on whether the affidavit was a proper basis upon which to award attorney's fees by summary judgment.

A trial court may not grant summary judgment on the basis of conclusory statements in affidavits because the same are not credible or susceptible to being readily controverted.  See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).  In support of their position that DivLend's attorney's fee affidavit was not a proper basis for the trial court's award of attorney's fees, McCraw cites Eberstein v. Hunter, 260 S.W.3d 626, 630 (Tex.App.—Dallas 2008, no pet.), as discussing an attorney's fee affidavit that was so conclusory as to not constitute competent evidence.  However, the affidavit in Eberstein did no more than detail the attorney's work experience and training before opining as to a reasonable fee for the representation.  See id.  In the present case, DivLend's counsel went beyond simply detailing the attorney's work experience and training, but also indicated that the attorney is familiar with the factors to be considered in determining the reasonableness of attorney's fees in Texas and, further, identified those factors that were relevant to the attorney's opinion regarding what constituted reasonable and necessary fees for the prosecution of this case.  Thus, we conclude that the attorney's fee affidavit in the present case is distinguishable from the affidavit in Eberstein.

Furthermore, on January 18, 2012, before the trial court ruled on DivLend's motion, DivLend's counsel supplemented its designation of expert witnesses and included a detailed itemization of the attorney's fees that were incurred by DivLend in prosecution of this case up to that date. While this detailed accounting of attorney's fees was filed after the deadline for submissions on DivLend's motion for summary judgment, it was before the trial court when the trial court ruled on McCraw's objection and McCraw neither raised an objection to this evidence nor attempted to controvert this evidence of the reasonable and necessary attorney's fees related to prosecution of this case. The trial court recited that it considered "the evidence on file," which included DivLend's supplemented designation of expert witnesses, before rendering its ruling on DivLend's motion for summary judgment.

As such, we conclude that the trial court did not abuse its discretion in overruling McCraw's objection to DivLend's attorney's fee affidavit. Further, we affirm the trial court's award of attorney's fees to DivLend. We overrule McCraw's seventh issue.

## Conclusion

Having overruled each of McCraw's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

10