**Reverse and Remand; Opinion Filed August 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00945-CV

## TREBUCHET SIEGE CORPORATION AND DALLAS FT. WORTH METROPLEX ARCHITECTURE, INC., Appellants
## V.
## PAVECON COMMERCIAL CONCRETE, LTD., Appellee

On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 09-17344

### DISSENTING OPINION
Before Justices Moseley, Lang, and Brown
Dissenting Opinion by Justice Moseley

I agree with the majority opinion's conclusion that the trial court properly granted summary judgment on appellants' negligence counterclaim on account of the economic loss rule. *See LAN/STV v. Martin K. Eby Contr. Co*., No. 11-0810, 2014 WL 2789097, at *1 (Tex. June 20, 2014). However, I disagree with the majority opinion's conclusions that the trial court properly (1) sustained an objection to a portion of Sarah Harrison's affidavit as a "conclusory factual statement" and (2) granted a no-evidence summary judgment against Dallas Ft. Worth Metroplex Architecture, Inc. (DFM) and in favor of Pavecon Commercial Concrete, Ltd. on DFM's claim for breach of contract. Based on these disagreements, I would reverse the summary judgment as to that cause of action and remand the case for further proceedings. Because the majority does not, I respectfully dissent.

I generally agree with the majority opinion's recitation of the facts in this case, and thus I do not repeat those facts here in detail. Pavecon filed a no-evidence motion for summary judgment asserting DFM had no evidence of any element of its breach of contract claim. As part of DFM's response, it filed the affidavit of Sarah Harrison, who was vice-president of DFM and president of Trebuchet, and an affidavit by Jerald Kunkel, an engineer hired by DFM in connection with its claim. Kunkel's affidavit referred to his report, which was attached. The trial court struck Harrison's affidavit as conclusory and granted Pavecon's no-evidence motion.

## A. Affidavit

In paragraph 13 of the Harrison's affidavit, she states: "Both DFM and Trebuchet have incurred damages to polish and treat the floors against further damage." The trial court sustained Pavecon's objection that this sentence was a conclusory factual statement.

We review rulings sustaining objections to summary judgment evidence for an abuse of discretion. *See Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.). An objection that an affidavit is conclusory goes to the substance of the affidavit, rather than the form. *See Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.). Although a conclusory affidavit will not support a summary judgment, the prohibition against conclusory evidence does not mean that logical conclusions based on stated underlying facts are improper. *See Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App—Dallas 2008, no pet.).

In her affidavit, Harrison states Pavecon's work was to be "performed in a good and workman like manner." However, "[o]n the initial day that Pavecon poured the concrete slabs, cracking was immediately visible." Harrison's affidavit continues to describe the problems arising from Pavecon's work. She avers: (1) "[o]nce Pavecon completed its work in April 2009, excessive cracking appeared on the polished concrete flooring inside the buildings;" (2) cracking "caus[ed] damage to already-completed work on the Project;" and (3) "[a]lmost four months

after Pavecon poured the foundation, water continued to surface and pool in the low areas of the floors."

In the context of Harrison's affidavit, I would conclude the objected-to portion of paragraph 13 is a statement that appellants have incurred costs in their effort to polish and treat the floor and attempt to mitigate against further damage to the floor. Considering appellants' account in Harrison's affidavit of the extensive problems with the floor—cracking and water pooling—it is logical such problems would cause appellants to incur costs if they attempted to prevent further damage, particularly to other parts of the project that had already been completed.

When read in the context of her affidavit, the statement that "[b]oth DFM and Trebuchet have incurred damages to polish and treat the floors against further damage" is not an improper conclusion, but rather a summary of "factual account[s] of events which are proper summary judgment proof." *Triland Inv. Grp. v. Tiseo Paving Co.,* 748 S.W.2d 282, 284 (Tex. App.—Dallas 1988, no writ); *see also Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 699–700 (Tex. App.—Dallas 2008, no pet.). Harrison provided factual background to support her statement; therefore, her statement is proper summary judgment evidence that we can consider. *Strother v. City of Rockwall*, 358 S.W.3d 462, 469 (Tex. App.—Dallas 2012, no pet.) (affidavit was not conclusory when it set out facts supporting conclusions). I would conclude that the trial court abused its discretion by sustaining Pavecon's objection.

### B.    Summary Judgment on Breach of Contract Counterclaim

The majority opinion sustains the no-evidence summary judgment on DFM's breach of contract counterclaim on the basis that DFM failed to present summary judgment evidence raising a genuine issue of material fact as to the damage element of the breach of contract claim. (Trebuchet did not assert a breach of contract claim). Again, I disagree.

We review a no-evidence summary judgment to determine whether the nonmovant

produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet denied). When analyzing a no-evidence summary judgment, "we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id*. (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id*. (quoting *Kindred v. Con/Chem, Inc*., 650 S.W.2d 61, 63 (Tex. 1983)).

In its motion, Pavecon asserted DFM had no evidence that: (1) DFM had a valid, enforceable contract with Pavecon; (2) DFM performed all of its contractual obligations pursuant to the terms of the contract; (3) Pavecon breached the contract; or (4) DFM suffered any damages as a result of the breach. *See Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.) (elements of breach of contract). After reviewing the record, I would conclude that DFM's summary judgment evidence, when read in the light most favorable to the nonmovant and indulging every reasonable inference in DFM's favor, was sufficient to raise an issue of material fact as to each element of its breach of contract counterclaim.

First, the unobjected-to portions of Harrison's affidavit raise at least a fact issue as to the

–4–

first three elements of DFM's breach of contract cause of action.[1] And as noted above, I contend Harrison's affidavit also raised an issue as to whether DFM suffered injury as a result of Pavecon's breach of contract. When taken in the context of the other statements in her affidavit, and again indulging every reasonable inference in DFM's favor, I would conclude Harrison's statement that "[b]oth DFM and Trebuchet have incurred damages to polish and treat the floors against further damage" means they both incurred costs in their efforts to polish and treat the floor and attempt to mitigate against further damage to the floor.

Also, Kunkel's affidavit and attached report raise an issue of fact as to the element of damages caused by Pavecon's alleged breach. His affidavit states he concluded the excessive cracking of the slabs was caused by Pavecon's work on the project. His expert report states the problems DFM encountered with the floor were "a direct result of the concrete mix that was used, then [sic] procedure that was used at the time of placement and the low concrete compressive strengths." He "observed excessive surface cracking" on each of the four slabs at the project, which "was caused by Pavecon's work on the Project." He also states that core samples of the floor slabs do not compare with a core sample of a test concrete slab that Pavecon poured previously at DFM's request, and that DFM had approved as to quality and appearance.

As the majority opinion notes, Kunkel's report also "talked about the various fixes that had been done to address the cracking in the concrete floors. He observed that a crack-filling treatment had been applied to 'several of the cracks' and a 'polishing contractor' reported numerous failed attempts to properly polish the floors." (Majority, slip op. at 7). In conjunction

---

[1] By way of summary, Harrison stated DFM contracted with Pavecon—and only Pavecon—to pour the concrete slabs; they agreed on the form of a contract, and the form attached to her affidavit is the contract they followed. Harrison's affidavit clearly states the parties agreed to the terms of the document that she attached to her affidavit. Whether that document actually created a contract between the parties, her affidavit is more than a scintilla of probative evidence raising a genuine issue of material fact on that element of DFM's claim.

In return for Pavecon's work, DFM agreed to pay Pavecon for "the labor and materials"; Harrison stated that DFM "agreed to pay Pavecon for all work that complied with the Contract terms and that was performed in a good and workman like manner." Harrison stated that DFM agreed to pay Pavecon $577,252, although that amount was increased with change orders. DFM has paid that amount except for a retainage amount of $58,418.54 and that amount has not been paid "because of this pending litigation over poor workmanship and damage to the Project."

with Harrison's affidavit, this evidence indicates both DFM and Trebuchet spent funds trying to fix the concrete floor problem, including hiring a contractor in an unsuccessful attempt to polish the floors to an acceptable level. Certainly this evidence does "more than create a mere surmise or suspicion" that DFM suffered damages as a result of Pavecon's breach of contract. *See King Ranch, Inc.*, 118 S.W.3d at 751 (quoting *Kindred*, 650 S.W.2d at 63).

Kunkel's report also states that leaving the floor slabs in their current condition is not a viable option, as their cracking and appearance make them undesirable for public use. The report goes on to evaluate several options for addressing the problem, including replacing the slabs or repairing them with epoxy and then refinishing them. Again, this evidence makes clear that DFM did not get what it contracted for, that the polished concrete floor slabs are not suitable for their intended purpose, and that fixing the problem will require replacing or repairing and recoating the slabs. Viewing this evidence in the light most favorable to DFM, it did more than create a mere surmise or suspicion that it was damaged as a result of Pavecon's breach of contract.

In conclusion, DFM was not required to prove it would prevail at trial in order to avoid an adverse ruling on summary judgment. Applying the appropriate standard, I would conclude the evidence raises a genuine issue of material fact as to each challenged element of DFM's cause of action.

Accordingly, I would reverse the summary judgment in part and remand for further proceedings.  Because the majority reaches a different conclusion, I respectfully dissent.


/Jim Moseley/
JIM MOSELEY
JUSTICE

120945DF.P05