**AFFIRM; and Opinion Filed December 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00690-CV

## WILLIAM T. DICKSON, Appellant
## V.
## AMERICAN ELECTRIC POWER, INC. AND
## PUBLIC SERVICE COMPANY OF OKLAHOMA, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC 14-04316**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

Appellant William T. Dickson, an attorney, sued appellees American Electric Power, Inc. (AEP) and Public Service Company of Oklahoma (PSO), alleging that appellees interfered with a contingent fee contract between Dickson and his client. Appellees moved for summary judgment and the trial court granted their motion and dismissed Dickson's claims. Dickson appeals from that order. We affirm.

### BACKGROUND

Dickson represented B. Willis, C.P.A. in numerous state and federal lawsuits in Oklahoma against PSO and others that arose from PSO's condemnation of an easement on Willis's property for the construction of a railroad track. The lengthy factual and procedural background of the Oklahoma cases is set forth in our opinion in *Dickson v. BNSF Railway Co.*,

05-14-01575-CV, 2015 WL 6777876 (Tex. App.—Dallas November 6, 2015, no pet. h.) (mem. op.), as well as in two Tenth Circuit opinions, *B. Willis, C.P.A., Inc. v. Public Service Co. of Oklahoma*, 511 Fed. Appx. 753 (10th Cir. 2013), and *B. Willis, C.P.A., Inc. v. BNSF Railway Corp.*, 531 F.3d 1282 (10th Cir. 2008). We do not recount that history in detail here because it is not germane to our disposition of this appeal. In a nutshell, Willis fought the condemnation on multiple fronts and lost. After more than two decades of litigation, summary judgment was granted against Willis, and Dickson was ordered to pay sanctions of $ 152,281.57 in attorney's fees and $1,324.84 in expenses pursuant to 28 U.S.C. § 1927 for what the Tenth Circuit described as "objectively unreasonable conduct."

In the instant case, Dickson sued PSO and its parent company, AEP, among others, alleging that they interfered with his contingent fee contract with Willis. More specifically, Dickson alleged that appellees went around Dickson and convinced Willis to dismiss his appeal of the summary judgment ruling in exchange for appellees' agreement to dismiss a pending motion for sanctions against Willis. Dickson asserted claims against appellees seeking actual and exemplary damages for four claims under Oklahoma law: (1) "Breach of Legal Duty under 23 O.S. § 3," (2) tortious interference with contract, (3) tortious interference with prospective economic advantage, and (4) abuse of process. Appellees moved for summary judgment on multiple grounds and the trial court granted their motion without stating the basis for its ruling.

### ISSUES ON APPEAL

On appeal Dickson argues that the trial court erred when it granted summary judgment in favor of appellees. Dickson phrases his issues on appeal as follows:

1.      Summary Judgment was improper.

2.      Dickson's claims against AEP/PSO were not precluded by the [sic] either the rulings of the U.S. District Court or the Oklahoma state condemnation action.

3. Dickson has a claim against PSO for circumventing Dickson and interfering with his contract.

### APPLICABLE LAW AND STANDARD OF REVIEW

We review a trial court's decision to grant summary judgment de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). In reviewing a trial court's ruling on a motion for summary judgment, we accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant establishes a right to summary judgment, the burden shifts to the plaintiff to present evidence that raises a genuine issue of material fact precluding summary judgment. *See id.* A conclusory argument raised in response to a motion for summary judgment is not sufficient to raise a genuine issue of material fact. *See, e.g.*, *Pace v. Whatley*, No. 04-13-00136-CV, 2014 WL 954755, at *3 (Tex. App.—San Antonio Mar. 12, 2014, no pet.) (mem. op.).

When a motion for summary judgment asserts several independent grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *See Borsella v. Whitis*, No. 05-06-00617-CV, 2007 WL 2325813, at *2 (Tex. App.—Dallas Aug. 15, 2007, no pet.) (mem. op.) (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)). If an appellant does not challenge each possible ground on which

–3–

summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.–Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.").

## ANALYSIS

Although Dickson phrases his first issue as a general issue challenging the entire summary judgment ruling on all four of his claims, in his brief he does not address three of his claims-"Breach of Legal Duty under 23 O.S. § 3," tortious interference with prospective economic advantage, or abuse of process. As a result, Dickson has waived any error as to those claims and we do not address them. *See Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (per curiam) (if trial court grants summary judgment on multiple claims, and appellant does not assert error on appeal as to some claims, appellant waives error as to those claims).

Dickson has also waived any error as to the summary judgment in favor of AEP. In appellees' motion for summary judgment, AEP moved for traditional summary judgment on the ground that it is not liable in the capacity in which it has been sued. More specifically, AEP argued, and submitted summary judgment evidence to demonstrate, that it is a holding company that "has no employees and therefore could not engage in any of the conduct alleged by [Dickson]." Dickson does not challenge this ground for summary judgment on appeal. As a result, we must affirm the summary judgment as to AEP on this unchallenged ground. *See Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied) (if summary judgment may have been rendered, properly or improperly, on ground not challenged on appeal, judgment must be affirmed); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (when party moves for summary judgment on

–4–

several grounds, appealing party must assign error to each ground, or judgment will be affirmed on ground about which no complaint is made).

What remains for us to analyze is Dickson's claim against PSO for tortious interference with contract. "A party alleging tortious interference must prove four elements to sustain its claim: (1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred." *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

With respect to Dickson's claim for tortious interference with contract, PSO challenged, among other things, the element of damages. More specifically, in its motion for summary judgment, PSO argued that Dickson "has suffered no damages caused by any alleged conduct of [PSO], including settlement of PSO's claim for attorneys fees against Willis" because the underlying case at issue was dismissed on the merits by the trial court.

In response to PSO's argument, Dickson argued that he was damaged when PSO wrongfully convinced Willis to abandon a "slam dunk" appeal of the underlying case, and that Dickson's damages "are equal to the fee he would have recovered" if Willis had not dismissed the appeal. On appeal, Dickson makes a similar argument:

> The amount of Dickson's damages that resulted from the tortious acts of [PSO] depends on the resolution of "the case within the case," i.e., what would have been the outcome of ***the appeal*** had not [PSO] tortiously interfered with Dickson's contract making it impossible to earn his fee.

(Emphasis original.) He then argues that summary judgment was "woefully inappropriate" because what would have been the outcome of the appeal "remains to be determined."

Dickson's summary judgment response below that the appeal was a "slam dunk" is conclusory because it does not provide the underlying facts to support it. *See, e.g.*, *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) ("A conclusory statement is one

that does not provide the underlying facts to support the conclusion."). As the Texas Supreme Court has explained, conclusory statements do not create a question of fact to defeat summary judgment. *See, e.g.*, *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013). As a result, Dickson did not meet his burden to raise a genuine issue of material fact as to his claim against PSO for tortious interference.

## CONCLUSION

We resolve Dickson's issues against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140690F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM T. DICKSON, Appellant

No. 05-14-00690-CV     V.

AMERICAN ELECTRIC POWER, INC. AND PUBLIC SERVICE COMPANY OF OKLAHOMA, Appellees

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC 14-04316.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee American Electric Power, Inc. and Public Service Company of Oklahoma recover their costs of this appeal from appellant William T. Dickson.


Judgment entered this 1st day of December, 2015.