**AFFIRM; and Opinion Filed July 24, 2024**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00450-CV**
_____

**IN THE MATTER OF THE MARRIAGE OF BRIAN KEVIN FLANAGAN AND MARGARET MCKEAND FLANAGAN**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-05431**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

In this post-divorce enforcement proceeding, Brian Kevin Flanagan appeals an agreed judgment entered by the trial court on Margaret McKeand Flanagan's petition for enforcement and clarification of certain property division provisions in their divorce decree. In a single issue, Brian asserts that the trial court erred in entering a second judgment in the divorce action. We affirm.

## Background

In July 2020, the trial court, along with Brian, Margaret, and their counsel, signed an agreed final decree of divorce. Relevant to this appeal, the decree awarded Margaret fifty percent of three retirement and brokerage accounts as of May 28,

2020: a Millennium Trust IRA; a Konen 401(k); and a Charles Schwab account. The decree also provided that, without affecting its finality, the trial court expressly reserved the right to make orders necessary to clarify and enforce it.

In August 2021, Margaret filed a petition for enforcement and clarification of property division. She alleged, among other things, that Brian had failed to deliver fifty percent of the Millennium Trust and Charles Schwab accounts as ordered in the decree and requested a money judgment in her favor for any unpaid amounts owed to her under the decree. She also requested that the court clarify the relevant terms of the decree in the event the court found the terms were not specific enough to be enforceable by contempt. Brian filed an answer and counterclaim.

In October 2022, the trial court held a hearing. Both parties were present and advised that they had reached a resolution. Margaret's counsel read their agreement into the record. That agreement provided that Brian would be ordered to transfer fifty percent of the total value of the Millennium Trust account to Margaret by 5:00 p.m. on November 1, 2022. The agreement further provided that:

> The parties agree and the Court shall find that [Brian] has failed to pay to [Margaret] 50 percent of the value of what was originally Charles Schwab account . . . that was awarded in the prior decree, and that the amount of said 50 percent to which [Margaret] is now entitled is $555,349.

> As such, the parties agree and the Court shall order that [Margaret] is granted judgment against [Brian] in the amount of $555,349, such judgment bearing interest compounded annually from November 1st, 2022.

–2–

Lastly, the parties agreed that the trial court shall award Margaret judgment "in the amount of $102,984.12 for reasonable attorney's fees, expenses and costs . . . with interest compounded -- accruing and compounding annually as of November 1st, 2022."

Brian and Margaret each testified that they agreed to the terms described to resolve the enforcement action. Margaret's counsel clarified that the parties were before the trial court in an enforcement proceeding and were not "trying to redivide the property." The trial court and counsel for both parties confirmed that the matter was an "enforcement of the original," and the trial court accepted the terms of the agreement.

In April 2023, the trial court signed an agreed judgment ordering that Margaret recover from Brian $555,349 as the principal amount due and owing, $102,000 as attorneys' fees due and owing, and interest. Counsel for both Brian and Margaret signed the agreed judgment, indicating their approval as to its form and substance. However, Brian thereafter requested findings of fact and conclusions of law and filed a notice of past due findings and conclusions. The trial court did not enter findings and conclusions, and this appeal followed.

**Enforcement of Divorce Decree**

In a single issue, Brian contends the trial court erred in entering the agreed judgment because Margaret filed her petition for enforcement and clarification in

–3–

the divorce action and, therefore, the agreed judgment violates Texas Rule of Civil Procedure 301's "one judgment rule."

Generally, we review a trial court's ruling in a post-divorce enforcement proceeding for an abuse of discretion. *DeGroot v. DeGroot*, 369 S.W.3d 918, 921 (Tex. App.—Dallas 2012, no pet.). Whether a trial court has properly exercised its plenary power, however, is a question of law that we review de novo. *In re M.A.C.*, No. 05-14-00351-CV, 2015 WL 1544240, at *1 (Tex. App.—Dallas Apr. 3, 2015, no pet.) (mem. op.).

Ordinarily, there is only one final judgment in a case. TEX. R. CIV. P. 301. But, there are exceptions to Rule 301's one final judgment rule "where it is otherwise specially provided by law." *Id.* Examples of these exceptions arise in probate cases, receivership proceedings, and some family law cases. *See, e.g.*, *Estate of Davidson*, No. 05-15-00432-CV, 2016 WL 4254487, at *2 (Tex. App.—Dallas Aug. 11, 2016, no pet.) (mem. op.) (in probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues"); *Hill v. Hill*, 460 S.W.3d 751, 763 (Tex. App.—Dallas 2015, pet. denied) ("receivership proceedings are an exception to the one-final-judgment rule"); *Franyutti v. Franyutti*, No. 04–02–00786–CV, 2003 WL 22656879, at *2 (Tex. App.—San Antonio Nov. 12, 2003, no pet.) (mem. op.) (rejecting argument that trial court erred in signing both a protective order and a divorce decree because the family code provides for issuance of a protective order awarding child support as part of a divorce proceeding).

–4–

Chapter 9, Subchapter A of the family code governs post-divorce proceedings to enforce a decree. TEX. FAM. CODE ANN. §§ 9.001–.014. A party affected by a decree's division of property may request enforcement of the decree by filing a suit to enforce in the court that rendered the decree. *Id.* § 9.001(a). "*Except as otherwise provided in this chapter,*" the suit "shall be governed by the Texas Rules of Civil Procedure applicable to filing of an original lawsuit." *Id.* § 9.001(b) (emphasis added).

A trial court may not "amend, modify, alter, or change the division of property made or approved in the decree" after its plenary power has expired. *Id.* § 9.007(a). However, it retains jurisdiction to "render further orders to enforce the division of property made or approved in the decree of divorce . . . to assist in the implementation of or to clarify the prior order." TEX. FAM. CODE § 9.00(6)(a); *see also id.* § 9.002; *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Among other enforcement remedies, the court may render a judgment for the amount of unpaid payments awarded in a decree to which a party is entitled. TEX. FAM. CODE § 9.010 ("Reduction to Money Judgment"); *In re C.M.F.*, No. 05-16-01385-CV, 2018 WL 3829262, at *4 (Tex. App.—Dallas Aug. 13, 2018, no pet.) (mem. op.); *see also In re Marriage of Pyrtle*, 433 S.W.3d 152, 162–65 (Tex. App.—Dallas 2014, pet. denied) (when ex-husband did not comply with provision of decree's property division, section 9.010 authorized court to render money judgment for damages caused by his failure to comply). The court also may award reasonable

attorney's fees as costs in a proceeding to enforce a decree's property division. *See* TEX. FAM. CODE § 9.014.

Here, in accord with Chapter 9, Margaret filed a petition to enforce certain property division provisions in the agreed final decree of divorce, and the docket sheet indicates that Brian was served with process.[1] Although she filed it in the underlying divorce action, her petition was "the equivalent of a new suit." *Brady v. Brady*, Nos. 02-23-00163-CV, 02-23-00164-CV, 2024 WL 637266, at *5 (Tex. App.—Fort Worth Feb. 15, 2024, pet. denied) (mem. op.) (quoting *Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.*, No. 2-09-132-CV, 2010 WL 1267786, at *1 (Tex. App.—Fort Worth Apr. 1, 2010, pet. denied) (mem. op.) (rejecting argument that trial court lacked subject matter jurisdiction to issue fee award because, although "the trial court's plenary power over the divorce decree had expired, [ex-wife] filed a motion to enforce, which under the family code is the equivalent of a new suit")); *Coleman v. Coleman*, No. 01-09-00615-CV, 2010 WL 5187612, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.) (ex-wife's petition for enforcement and attorney's fees was equivalent to a new suit and ex-husband could not challenge divorce decree by attacking enforcement money judgment, which did not change his obligations under decree); *cf. Curtis v. Gibbs*, 511 S.W.2d 263, 268 (Tex. 1974) (when father erroneously filed petition for change

---

[1] *See* TEX. FAM. CODE § 9.001(c) (stating that "[a] party whose rights . . . may be affected by the suit to enforce is entitled to receive notice by citation").

of custody in prior divorce action, supreme court held that "the docket number [was]s irrelevant" and applied rule that "a petition which sets forth a cause of action within the jurisdiction of the court in which it is filed [i]s effective to commence a new suit").

In *In re Fischer*, No. 05-20-00278-CV, 2020 WL 4592832, at *3 (Tex. App.—Dallas Aug. 11, 2020, orig. proceeding) (mem. op.), this Court recognized that a trial court, having rendered a divorce decree, correctly assumes jurisdiction over post-divorce motions for enforcement and contempt for violations of the decree filed in the underlying divorce action. Citing *Allmond*, 2010 WL 1267786, at *1, for the proposition that a suit to enforce a decree "is the equivalent of a new suit" and noting that Chapter 9 expressly authorizes such suits and provides that the court rendering the decree retains the power to enforce it, the Court further concluded that orders enforcing a divorce decree do not violate Rule 301. *Fischer*, 2020 WL 4592832, at *3–4 (also citing TEX. FAM. CODE § 9.006(c)'s provision that enforcement orders do "not alter or affect the finality of the decree of divorce").

We are aware that the Waco Court of Appeals previously concluded that an ex-husband, who apparently attempted to file a petition for enforcement of a decree's property division in the underlying divorce proceeding, should have "filed [the petition] in a new and separate proceeding in the same court." *In re Walston*, No. 10-05-00259-CV, 2005 WL 2787651, at *1 (Tex. App.—Waco Oct. 26, 2005, orig. proceeding) (mem. op). In *Walston*, the ex-wife sought a writ of mandamus to

prevent the trial court from considering the ex-husband's petition for enforcement because she had not been served by citation. *Id.* The ex-husband conceded that his petition should have been filed "as a separate suit in the same court, not in the original case for dissolution of the marriage," and the trial court granted the writ. *Id.*

Like the other cases cited above, however, we conclude that a petition or motion for enforcement of a decree filed in the underlying divorce action satisfies Chapter 9's requirements for filing a suit to enforce in the court that rendered the decree and invokes that court's jurisdiction to enforce the decree. *See* TEX. FAM. CODE § 9.001(a). Further, because Chapter 9 "specially" provides the trial court rendering the decree with authority to render a judgment for the amount of unpaid payments awarded in the decree, we conclude that such a money judgment is an exception to, and does not violate, the one final judgment rule. *See* TEX. R. CIV. P. 301; TEX. FAM. CODE § 9.010(b).

Indeed, this Court has recognized that a money judgment awarded pursuant to a post-divorce petition for enforcement filed in the underlying divorce action constitutes a separate, appealable final judgment. *See Eberstein v. Hunter*, 260 S.W.3d 626, 628–29 (Tex. App.—Dallas 2008, no pet.). In *Eberstein*, Hunter filed a petition for a money judgment and enforcement of a property award under a divorce decree. *Id.* at 628. She subsequently filed a separate petition to recover a money judgment for amounts owed under the decree for unpaid alimony and attorney's fees in connection with her enforcement proceeding. *Id.* She filed both

petitions in the underlying divorce action. *Id.* Hunter moved for summary judgment on the second petition, and the trial court granted the motion and awarded her a money judgment for the unpaid alimony, attorney's fees, and prejudgment interest. *Id.*

Hunter's ex-husband appealed, questioning this Court's jurisdiction. *Id.* Citing the rule that an appeal may be taken only from a final judgment, he asserted that the summary judgment was not final because the earlier-filed petition remained pending. *Id.* This Court, however, noted that the rule "does not apply to cases in which multiple judgments, final for purposes of appeal, can be rendered on certain discrete issues." *Id.* at 628–29. And, although Hunter filed both of her post-divorce petitions in the divorce action, they were "distinctly different actions that were prosecuted separately." *Id.* at 629. Because the summary judgment disposed of all claims and parties pending in the later-filed petition, it was a final judgment for purposes of appeal. *Id.*

Margaret's petition for enforcement alleged that Brian failed to comply with the divorce decree by, among other things, not paying her the fifty percent balance of the Charles Schwab account, along with the gains or losses on that fifty percent, and requested a money judgment for the unpaid amounts owed to her. The trial court retained jurisdiction to award such a money judgment. *See* TEX. FAM. CODE § 9.010(b); *de la Garza v. de la Garza*, 185 S.W.3d 924, 930 (Tex. App.—Dallas 2006, no pet.) ("A money judgment is a remedy available to a spouse where the other

–9–

spouse does not make payments as ordered in the divorce decree."). Brian agreed to the judgment in order to resolve the enforcement action. The agreed judgment does not violate the one final judgment rule and is a final, appealable judgment. Accordingly, we overrule Brian's sole issue.

Asserting that this appeal is frivolous, Margaret requests that this Court impose just damages against Brian under Texas Rule of Appellate Procedure 45.[2] "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied). We grant damages under Rule 45 only under circumstances we find truly egregious. *Dallas Cnty. City of Grand Prairie v. Sides*, 430 S.W.3d 649, 654 (Tex. App.—Dallas 2014, no pet.). Although we have rejected Brian's contentions on appeal, we do not conclude that the circumstances of this appeal were truly egregious. Accordingly, we decline to award damages pursuant to rule 45. *See* TEX. R. APP. P. 45.

---

[2] "If the court of appeals determines that an appeal is frivolous, it may--on motion of any party or on its own initiative, after notice and a reasonable opportunity for response--award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals." TEX. R. APP. P. 45.

## Conclusion

We affirm the trial court's April 10, 2023 agreed judgment.

/Craig Smith/

CRAIG SMITH

230450F.P05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
MARRIAGE OF BRIAN KEVIN
FLANAGAN AND MARGARET
MCKEAND FLANAGAN

No. 05-23-00450-CV

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-05431.
Opinion delivered by Justice Smith.
Justices Miskel and Breedlove
participating.

In accordance with this Court's opinion of this date, the trial court's April 10, 2023 agreed judgment is **AFFIRMED**.

It is **ORDERED** that appellee MARGARET MCKEAND FLANAGAN recover her costs of this appeal from appellant BRIAN KEVIN FLANAGAN.

Judgment entered this 24th day of July 2024.