**Affirmed and Memorandum Opinion filed November 28, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00612-CV

---

## FRANK KAMAS, Appellant

### V.

## BAY MOUNTAIN FUND I, LLC, Appellee

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-45699**

---

### MEMORANDUM OPINION

Appellant Frank Kamas appeals an order granting traditional and no-evidence summary judgment in favor of Appellee Bay Mountain Fund I, LLC. We affirm.

### BACKGROUND

In June 2019, Kamas sought a hard money loan[1] from Bay Mountain to

---

[1] Hard money loans are short-term, high-interest-rate loans to real-estate investors for which the

purchase and remodel a residential investment property located at 11423 Sagewhite Drive, Houston, Texas (the "property"). According to the Final Terms Sheet, Kamas would receive a loan from Bay Mountain for $178,200 with 12.5 percent interest per year; his monthly payments would be for interest only; and there would be a holdback for the remodel of the property totaling $15,680 at the time of closing based on the budget and estimate submitted by him.

On June 26, 2019, Kamas obtained a loan from Bay Mountain in the principal amount of $178,200 and bought the property. He signed a promissory note in the principal amount of $178,200 as well as a deed of trust to secure payment of the promissory note listing Bay Mountain as the lender. The promissory note contains a conspicuous merger close, which provides:

> NOTICE: THIS NOTE AND ALL OTHER DOCUMENTS RELATING TO THE INDEBTEDNESS evidenced hereby constitute a written loan agreement, which represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties relating to this Note and the indebtedness evidenced thereby.

In accordance with Bay Mountain's standard procedures, Kamas also signed a Non-Homestead Affidavit averring that (1) the property is not and is not intended to be his "true and lawful homestead"; (2) he will not reside in it or claim it as his homestead; (3) he "is obtaining the financing for business or investment purposes only and not for personal, family or household purposes"; (4) the affidavit was "made to induce" Bay Mountain to loan funds to him and the loan would "only be disbursed in reliance upon" these statements; and (5) his "true and lawful

---

real estate itself is offered as collateral (*i.e.*, short-term private mortgages). *Vodicka v. Lahr*, No. 03-10-00126-CV, 2012 WL 2075713, at *1 (Tex. App.—Austin June 6, 2012, no pet.) (mem. op.).

homestead" was at another property. He additionally signed a Tax Escrow Agreement, in which he agreed to make monthly payments to be placed in escrow for the payment of real estate property taxes. Kamas also agreed to keep the property insured and reimburse Bay Mountain for the cost of insurance if he failed to keep it insured.

After June 2020, Kamas made no payments to Bay Mountain, including payments for property taxes and insurance. Bay Mountain proceeded to pay the insurance premiums and taxes on the property. In July 2020, Bay Mountain notified Kamas that the property would be sold at a substitute trustee's sale on August 4, 2020.

Kamas sued Bay Mountain on July 31, 2020, and asserted claims for breach of contract, common law fraud, violation of Texas Property Code section 5.065, violations of the Texas Debt Collection Act, and agency and respondeat superior. On October 2, 2020, Bay Mountain filed its original answer and a counterclaim for breach of contract. Kamas filed his original answer to Bay Mountain's counterclaim in December 2020, alleging affirmative defenses of unclean hands, lack of standing, lack of subject matter jurisdiction, statute of limitations, prior material breach and/or discharge, equitable estoppel, promissory estoppel and/or quasi-estoppel, laches, waiver, ratification, release, statute of frauds, contributory negligence, comparative fault, and proportional responsibility.

In August 2021, Kamas filed his first amended petition and asserted claims for breach of contract, promissory estoppel, fraud (including fraud in the inducement, fraud in the factum, fraud in the execution, and common law fraud), statutory fraud, usury, accounting, declaratory judgment, violations of the Texas Debt Collection Act, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, conspiracy, alter ego, joint enterprise, agency,

3

vicarious liability, and/or respondeat superior. Nine days later, Bay Mountain filed a second amended petition, alleging numerous affirmative defenses as well as counterclaims for breach of contract, fraud, and fraud in real estate transaction.

In January 2022, Bay Mountain filed a no-evidence and traditional motion for partial summary judgment. Bay Mountain argued it is entitled to summary judgment pursuant to Texas Rule of Civil Procedure 166a(i) because (1) "Kamas is unable to provide any evidence as to the essential elements of the following claims asserted by Kamas in his First Amended Petition:" promissory estoppel, fraud (including fraud in the inducement, fraud in the factum, fraud in the execution, and common law fraud), statutory fraud (including fraud in a real estate transaction), usury, accounting, declaratory judgment, violations of the Texas Debt Collection Act, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, conspiracy, theories of alter ego, joint enterprise, and/or single business enterprise, and agency, vicarious liability, and/or respondeat superior; and (2) there is no evidence to support Kamas's affirmative defenses of unclean hands, waiver, equitable estoppel, promissory estoppel and/or quasi-estoppel, ratification, offset, release, prior material breach, failure to mitigate damages, fraud, and illegality.

Regarding its traditional motion for partial summary judgment, Bay Mountain argued that (1) Kamas's fraud and estoppel claims are barred by the express language of the loan documents; (2) Kamas is prohibited as a matter of law from recovering under his promissory estoppel claim; (3) the Texas Debt Collection Act, Truth in Lending Act, and Real Estate Settlement Procedures Act are inapplicable; (4) Kamas's usury claim is barred by the enforceable usury savings clause in the loan documents; and (5) Kamas's declaratory judgment claim fails to present new controversies.

In February 2022, Bay Mountain filed a third amended answer, alleging numerous affirmative defenses and counterclaims for breach of contract, fraud, fraud in a real estate transaction, fraud by non-disclosure, unjust enrichment, and quantum meruit. About a month later, Kamas filed (1) a second amended petition, in which he asserted only claims for breach of contract, fraud (including fraud in the inducement, fraud in the factum, fraud in the execution, and common law fraud), and usury; and (2) an amended answer to Bay Mountain's third amended counterclaims, in which he limited his affirmative defenses to illegality, offset, and fraud. The following day, Kamas filed his response to Bay Mountain's motion for partial summary judgment. A few days thereafter, Bay Mountain filed (1) a reply to Kamas's summary judgment response; and (2) objections to Kamas's summary judgment evidence. The trial court made no ruling on the objections.

On April 19, 2022, the trial court granted Bay Mountain's motion for partial no-evidence and traditional summary judgment, dismissing with prejudice Kamas's (1) promissory estoppel, fraud, statutory fraud, usury, accounting, declaratory judgment, violations of the Texas Debt Collection Act, violations of the Truth in Lending Act, violations of the Real Estate Settlement Procedures Act, conspiracy, alter ego, joint enterprise, single business enterprise, agency, vicarious liability, and respondeat superior claims; and (2) unclean hands, waiver, equitable estoppel, promissory estoppel and/or quasi-estoppel, ratification, offset, release, prior breach, failure to mitigate damages, fraud, and illegality affirmative defenses.

In the meantime, on March 24, 2022, Bay Mountain filed a motion for no-evidence and traditional summary judgment on Kamas's breach of contract claim and a motion for traditional summary judgment on its breach of contract claim. It argued that it is entitled to a (1) no-evidence summary judgment because "Kamas has no evidence of the second and third elements of his breach of contract claim

5

asserted against Bay Mountain"; and (2) traditional summary judgment because (a) Kamas's pleading fails to meet the notice-pleading requirement and "it is unknown what contract Bay Mountain allegedly breached," (b) Bay Mountain complied with the terms of the loan documents, and (c) Kamas has no damages as he has lived in the property without making any payments. Bay Mountain further argued it is entitled to a traditional summary judgment on its breach of contract claim because Kamas failed to comply with the terms of the loan documents.

End of May 2022, Kamas filed a response to Bay Mountain's combined summary judgment motion. On June 1, 2022, the trial court granted Bay Mountain's motion for no-evidence and traditional summary judgment on Kamas's breach of contract claim and motion for traditional summary judgment on Bay Mountain's breach of contract claim, awarding Blue Mountain $247,018.87 in damages as well as interest and attorney's fees.

The next day, Bay Mountain filed a notice of nonsuit regarding its claims for fraud, fraud in a real estate transaction, fraud by non-disclosure, unjust enrichment, and quantum meruit. On June 8, 2022, the trial court signed a final summary judgment in accordance with its April 19, 2022 and June 1, 2022 interlocutory summary judgment orders and also dismissed without prejudice "all claims identified" in Bay Mountain's notice of nonsuit. Kamas filed a motion for new trial, which was overruled by operation of law. Kamas filed a timely notice of appeal.

### STANDARD OF REVIEW

We review a trial court's ruling on summary judgment *de novo*. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017); *Segovia v. Houston Metals, LLC*, No. 14-22-00130-CV, 2023 WL 4732887, at *2 (Tex. App.—Houston [14th Dist.] July 25, 2023, no pet. h.) (mem. op.). In

6

conducting our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Parker*, 514 S.W.3d at 219; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Our review is limited to the issues presented to the trial court because "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979); *Segovia*, 2023 WL 4732887, at *2.

When a party moves for both traditional and no-evidence summary judgment, we first consider the no-evidence motion. *Parker*, 514 S.W.3d at 219; *Segovia*, 2023 WL 4732887, at *2. If the nonmovant does not meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion because it necessarily fails. *Parker*, 514 S.W.3d at 219; *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Therefore, we first review each claim under the no-evidence standard and any claims that survive our no-evidence review will be reviewed under the traditional standard. *Parker*, 514 S.W.3d at 219.

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claim or defense for which the nonmovant bears the burden of proof at trial. *Smartt v. State*, No. 14-20-00110-CV, 2021 WL 1537459, at *2 (Tex. App.—Houston [14th Dist.] Apr. 20, 2021, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Smartt*, 2021 WL 1537459, at *2; *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We sustain a no-

evidence challenge when (a) there is a complete absence of evidence of a vital fact, (b) the trial court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman*, 407 S.W.3d at 248; *Ross Stores, Inc. v. Miller*, 612 S.W.3d 682, 688 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Evidence is more than a scintilla if it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merriman*, 407 S.W.3d at 248; *Ross Stores, Inc.*, 612 S.W.3d at 688. If the evidence does no more than create a mere surmise or suspicion and is so slight as to necessarily make any inference a guess, it is no evidence. *Ross Stores, Inc.*, 612 S.W.3d at 688.

A party moving for traditional summary judgment meets its burden by proving there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Parker*, 514 S.W.3d at 220; *Ayanbadejo v. Settles*, No. 14-22-00204-CV, 2023 WL 6451185, at *2 (Tex. App.—Houston [14th Dist.] Oct. 3, 2023, no pet. h.) (mem. op.). A defendant moving for summary judgment must disprove at least one of the essential elements of each of the plaintiff's causes of action or conclusively establish all the elements of an affirmative defense. *Ayanbadejo*, 2023 WL 6451185, at *2. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Ayanbadejo*, 2023 WL 6451185, at *2.

## ANALYSIS

Kamas challenges the trial court's final summary judgment order. Within his one issue, Kamas asserts numerous arguments which we address in turn.

8

## I. Kamas's Claims for Accounting, Declaratory Judgment, and Promissory Estoppel

Kamas contends the trial court erroneously granted summary judgment on his promissory estoppel, declaratory judgment, and accounting claims. We disagree.

"Amended pleadings supersede prior pleadings, and any claim not carried forward in an amended pleading is deemed dismissed." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018); *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 478 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (mem. op.); *see* Tex. R. Civ. P. 65. Thus, filing an amended pleading that does not include a claim effectively nonsuits or voluntarily dismisses the omitted claim as of the time the pleading is filed. *FKM P'ship, Ltd.*, 255 S.W.3d at 633; *see Davis*, 582 S.W.3d at 478.

Here, Kamas asserted 16 claims against Bay Mountain. However, in his second amended petition (the live pleading), Kamas only pleaded causes of action for breach of contract, fraud (including fraud in the inducement, fraud in the factum, fraud in the execution, and common law fraud), and usury. Additionally, in his amended answer to Bay Mountain's third amended counterclaim, Kamas asserted only affirmative defenses for illegality, offset, and fraud. Therefore, Kamas effectively dismissed any claims and defenses he previously asserted when he filed his second amended petition and amended answer. *See Bos*, 556 S.W.3d at 306; *FKM P'ship, Ltd.*, 255 S.W.3d at 633; *Davis*, 582 S.W.3d at 478. As such, Kamas cannot now raise arguments based on promissory estoppel, declaratory judgment, and accounting when he dismissed these claims.

Accordingly, we overrule Kamas's contention regarding his dismissed

promissory estoppel, declaratory judgment, and accounting claims.

## II.     Kamas's Claim for Breach of Contract

Kamas claims the trial court erroneously granted summary judgment on his cause of action for breach of contract. His argument on appeal consists of the following statement:

> Bay Mountain sued on the promissory note, whereas Kamas sued for breach of contract because Bay Mountain refuses to honor its actual agreement by insisting it is entitled to the incorrect larger amount reflected in the promissory note obtained by fraud and forgery. If the actual amount agreed upon is not reflected in the promissory note, as testified by Kamas, then Kamas has established his breach of contract claim because the promissory note upon which the judgment is based is not the actual agreement of the parties and Bay Mountain breached the actual agreement by seeking recovery for a larger amount than was agreed upon and foreclosure on the property in question.

The Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Kamas failed to support his argument with citations to the record. Thus, Kamas waived his complaint because he failed to properly brief it. *See id*.; *Komerica Post, LLC v. Byun*, No. 14-21-00636-CV, 2023 WL 6475453, at *6 (Tex. App.—Houston [14th Dist.] Oct. 5, 2023, no pet. h.) (mem. op.).

Even if Kamas had not waived his argument, he still would not prevail. A breach of contract claim has four essential elements: (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance as contractually required, (3) the defendant breached the contract by failing to perform or tender performance as contractually required, and (4) the plaintiff sustained damages due to the breach. *M.A. Mills, P.C. v. Kotts*, 640 S.W.3d 323, 327 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *see also Pathfinder Oil & Gas, Inc. v.*

*Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

To defeat a no-evidence summary judgment motion, the non-movant must produce evidence raising a genuine issue of material fact as to each challenged element. *See Parker*, 514 S.W.3d at 219; *In re A.J.L.*, No. 14-16-00834-CV, 2017 WL 4844479, at *4 (Tex. App.—Houston [14th Dist.] Oct. 26, 2017, no pet.) (mem. op.). This burden requires the nonmovant to specifically identify the supporting proof it seeks to have considered by the trial court and explain why it demonstrates a fact issue exists. *Great Hans, LLC v. Liberty Life Serv. Corp.*, No. 05-20-00113-CV, 2021 WL 5822841, at *2 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.); *see also In re A.J.L.*, 2017 WL 4844479, at *4.

Bay Mountain moved for no-evidence summary judgment on Kamas's breach of contract claim arguing that Kamas "has no evidence" of the elements of breach and damages. With regard to damages, Kamas argued that his "damage consists of erroneously increased interest payments charged by Bay Mountain on amounts not disbursed to me, which I paid through January 2020." However, Kamas failed to point to any evidence in support of his assertion. Without evidence, Kamas cannot raise a genuine issue of material fact as to the challenged element of damages and, thus, cannot defeat Bay Mountain's no-evidence motion.

Accordingly, we overrule Kamas's contention that the trial court erroneously granted summary judgment on his breach of contract claim.

## III. Kamas's Claim for Fraud

Kamas seems to contend the trial court erroneously granted summary judgment on his common-law fraud and fraudulent inducement claims. In that regard, he merely outlines the elements of these two claims in his brief and then states: "Here, Bay Mountain clearly had a duty to disclose the actual amount of

the loan along with all of the fees it was charging related to the loan documents, and therefore, its failure to so disclose gives rise to fact questions on Kamas' fraud-by-nondisclosure claim."

As we stated, the Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Because Kamas failed to support his argument with citations to the record, he waived his complaint. *See id.*; *Komerica Post, LLC*, 2023 WL 6475453, at *6.

Even if Kamas had not waived his argument, he would not prevail because Kamas does not and cannot show that he raised a fact issue on all the challenged fraud elements in order to defeat Bay Mountain's partial no-evidence summary judgment motion. In its no-evidence motion, Bay Mountain contended that "Kamas is unable to establish the necessary elements for his fraud, fraud in the inducement" claims and

> [s]pecifically, despite sufficient time for discovery, Kamas has no evidence of the following elements:
>
> 1. That a material misrepresentation was made;
>
> 2. The representation was false;
>
> 3. When the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;
>
> 4. The speaker made the representation with the intent that the other party should act upon it;
>
> 5. The party acted in reliance on the representation; and
>
> 6. The party thereby suffered injury.
>
> For his fraudulent inducement claim, in addition to the six (6) elements listed above, Kamas has no evidence of "a false promise of future performance made with a present intent not to perform."

(citations to authorities omitted).

12

To prevail on a common-law fraud claim, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018); *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Fraudulent inducement is a species of common-law fraud that shares the same basic elements; but because fraudulent inducement arises only in the context of a contract, the existence of a contract is an essential part of its proof. *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018).

In his response, Kamas did nothing more than point to two allegedly false statements. However, assuming that these statements constitute material representations that were false, Kamas failed to address and provide evidence of any of the other challenged elements to raise a fact issue as required by Rule 166a(i) to defeat Bay Mountain's no-evidence motion. *See Parker*, 514 S.W.3d at 219; *Mack Trucks, Inc.*, 206 S.W.3d at 582; *Smartt*, 2021 WL 1537459, at *2; *Kaye/Bassman Int'l Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 812 (Tex. App.—Dallas 2010, pet. denied).

Accordingly, we overrule Kamas's assertion that the trial court erroneously granted summary judgment on his common-law fraud and fraudulent inducement claims.

## IV.  Bay Mountain's Claim for Breach of Contract

Kamas seems to also challenge the trial court's grant of traditional summary judgment on Bay Mountain's breach of contract claim by stating:

13

> As for the fraud claim, because the misrepresentations were in the context of an agreement, the fraud is fraud-in-the-inducement, and by telling Kamas that the paperwork had already been processed and therefore could not be corrected until later, and then forging Kamas' signature and refusing to make the changes to reflect the actual amount agreed upon, a question of fact is present barring summary judgment on Bay Mountain[']s suit on the promissory note.

However, Kamas failed to support his contentions with citations to the record and, therefore, waived his complaint due to improper briefing. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Komerica Post, LLC*, 2023 WL 6475453, at *6.

Even if Kamas had not waived his complaint, he would not prevail. Kamas did not make these contentions in his response to Bay Mountain's motion for traditional summary judgment on its breach of contract claim. In its motion, Bay Mountain argued that it is entitled to a traditional summary judgment on its breach of contract claim because Kamas failed to comply with the terms of the loan documents. Kamas did not mention fraud in the inducement or forgery in his summary judgment response but instead stated:

> Bay Mountain's breach of contract claim fails because a party to a contract who is in default cannot maintain a suit for breach of contract. I have provided documentary evidence of Bay Mountain's breach of contract, which pre-date its claim of contractual breach. "Pleadings are not proof." Bay Mountain's reliance upon pleadings in this case to support its motion for summary judgment is misplaced. The fact that Bay Mountain pled breach of contract against me does not prove anything. For these reasons, Bay Mountain's Motion for Traditional Summary Judgment must fail as a matter of law.

(citations to authorities omitted).

As we noted, our review is limited to the arguments presented to the trial court, and we cannot reverse a summary judgment based on arguments not

14

expressly presented to the trial court by written motion or other response to the summary judgment motion. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Hall v. Bean*, 416 S.W.3d 490, 493 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Morris v. Branch Banking & Tr. Co.*, No. 05-15-01249-CV, 2017 WL 3634334, at *6 (Tex. App.—Dallas Aug. 24, 2017, pet. denied) (mem. op.). Kamas failed to present to the trial court the argument he now raises on appeal, and we may not consider it.

Additionally, we note that after Bay Mountain sought no-evidence summary judgment on Kamas's affirmative defenses (including fraud), Kamas failed to address in his summary judgment response any of the challenged elements of his fraud defense as required by Rule 166a(i) to defeat Bay Mountain's no-evidence motion. *See Parker*, 514 S.W.3d at 219; *Mack Trucks, Inc.*, 206 S.W.3d at 582; *Smartt*, 2021 WL 1537459, at *2; *Kaye/Bassman Int'l Corp.*, 321 S.W.3d at 812. Kamas cannot for the first time on appeal present arguments relating to his fraud defense. *See* Tex. R. Civ. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *Hall*, 416 S.W.3d at 493; *see also Morris*, 2017 WL 3634334, at *6.

Accordingly, we overrule Kamas's assertion that the trial court erroneously granted summary judgment on Bay Mountain's breach of contract claim, and we overrule Kamas's sole issue.

## CONCLUSION

We affirm the trial court's final judgment.

15

/s/     Meagan Hassan
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.