**D'TEL COMMUNICATIONS, Appellant,**

v.

**ROADWAY PACKAGE SERVICE, INC., Appellee.**

No. 11–97–00314–CV.

Court of Appeals of Texas, Eastland.

Feb. 25, 1999.

Rehearing Overruled March 25, 1999.

William C. Odeneal, Logan Odeneal, Odeneal & Odeneal, Dallas, for appellant.

Kenneth B. Chaiken, Chaiken & Chaiken, P.C., Greenville, Dallas, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and McCLOUD, S.J.[1]

Opinion

AUSTIN McCLOUD, Senior Justice.

D'Tel Communications (D'Tel) filed suit in justice court against Roadway Package Service, Inc. (RPS) for damages allegedly resulting from RPS' negligent handling of appellant's computer equipment during shipment. The justice court entered a take-nothing judgment against D'Tel, and D'Tel appealed

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

to the county court at law. RPS then filed a counterclaim for breach of contract and for attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997). RPS based the counterclaim on D'Tel's failure to pay the shipping charges for the damaged equipment and on D'Tel's failure to fulfill conditions precedent to bringing a suit. D'Tel filed special exceptions, alleging that the counterclaim was compulsory under TEX.R.CIV.P. 97(a), that RPS had waived its right to recover by failing to urge the claim in justice court, and that TEX.R.CIV.P. 574a barred RPS from setting up any counterclaim or set-off not pleaded in justice court. The trial court granted D'Tel's special exceptions based on Rule 574a, severed the counterclaim, and assigned it a new cause number. The trial court did not rule that the counterclaim was compulsory. Following a bench trial on D'Tel's negligence claims, the trial court entered a take-nothing judgment against D'Tel. D'Tel complains on appeal of the trial court's severing and re-docketing the counterclaim.

■ D'Tel argues in its second issue that the trial court erred by severing the counterclaim and re-docketing it instead of dismissing it under Rule 574a. Rule 574a provides that parties may plead "new matter" in an appeal from justice court to county or district court but that they may not set up any "new ground of recovery," including a counterclaim, that they did not plead in justice court.

■ D'Tel correctly points out that a trial court abuses its discretion by severing a compulsory counterclaim. *Mathis v. Bill de la Garza & Associates, P.C.*, 778 S.W.2d 105, 106 (Tex.App.—Texarkana 1989, no writ); *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.], no writ). Rule 574a, however, makes no distinction between compulsory and permissive counterclaims. A party may not plead any counterclaim in an appeal to the county court that it did not plead in the justice court. *Mathis* and *Ryland* are distinguishable from the present case because they involved compulsory counterclaims properly pleaded in a

2. D'Tel may raise the issue of a compulsory counterclaim in the severed suit by pleading the affirmative defense of res judicata. See *Les-*

suit. Under Rule 574a, the counterclaim in this case was improperly pleaded in the appeal; therefore, it was improperly joined. The remedy for misjoinder is not dismissal but severance. TEX.R.CIV.P. 41. The trial court did not abuse its discretion by severing a counterclaim not properly before the court. We overrule D'Tel's second issue.

■ D'Tel argues in its first issue that the trial court erred by failing to find that the counterclaim was compulsory under Rule 97(a) and by failing to dismiss it with prejudice. Rule 574a does not differentiate between compulsory and permissive counterclaims, but it provides that no counterclaim may be pleaded on appeal for the first time. The trial court was not required to consider whether the counterclaim was compulsory. We overrule D'Tel's first issue.[2]

The judgment of the trial court is affirmed.

*brookton, Inc. v. Jackson*, 796 S.W.2d 276, 281 (Tex.App.—Amarillo 1990, writ den'd).