**Reversed and Remanded and Opinion filed June 20, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00323-CV

---

**KRIS HALL AND HOLLY J. JONES, LARRY BISHOP AND CYNTHIA BISHOP, GEORGE CLARK AND DEBORAH CLARK, GARY MCGREGOR AND TERI MCGREGOR, SOLEDAD PINEDA AND CAROL SEVERANCE, Appellants,**

**V.**

**JACKIE BEAN, DAN KELLOGG, KAY LEIPZIG, JANICE LUTHY, BOB MCDONALD, BRUCE REINHART AND KAREN VOLK, Appellees.**

---

**On Appeal from the 56th District Court**
**Galveston County**
**Trial Court Cause No. 10CV0522-A**

---

### O P I N I O N

Appellants Kris Hall, Holly J. Jones, Larry and Cynthia Bishop, George and Deborah Clark, Gary and Teri McGregor, Soledad Pineda, and Carol Severance (collectively, "homeowners") appeal the summary judgment granted in favor of

appellees Jackie Bean, Dan Kellogg, Kay Leipzig, Janice Luthy, Bob McDonald, Bruce Reinhart, and Karen Volk (collectively, "officers"). We reverse and remand.

I

The homeowners own property in Sands of Kahala Beach subdivision, which is located on the west end of Galveston Island.[1] As property owners, they are also members of the subdivision's homeowners' association (the "HOA"), which is a non-profit Texas corporation. At the time of the events that gave rise to the underlying litigation, the officers served as unpaid members of the HOA's board of directors.

In September of 2008, several properties in the subdivision were damaged when Hurricane Ike struck the island. In July of 2009, the city of Galveston received a grant from the Federal Emergency Management Agency and the State of Texas. The grant provided funds for the city to purchase properties located in specified, heavily damaged areas, including Sands of Kahala Beach. Under the grant, all property acquired with the funds was required to be maintained as open space in perpetuity. The grant further provided that no future federal disaster assistance would be available for land purchased with grant funds.

The homeowners subsequently tried to sell their properties to the city pursuant to the grant, but the officers sought a temporary injunction on behalf of the HOA to prevent the sales. The city then would not purchase the properties without written releases from the HOA, which the officers refused to give. In addition, in an effort to protect their positions on the board, the officers attempted

---

[1] Hall and Jones jointly own Lot 9, the Bishops and the Clarks jointly own Lot 4, the McGregors jointly own Lot 10, Pineda owns Lot 5, and Severance owns Lot 11. The subdivision is comprised of a total of sixteen properties.

2

to amend the HOA's bylaws and increase the vote needed to remove a board member from a simple majority to 75 percent.

The homeowners filed counterclaims against the officers, alleging they had breached their fiduciary duties and "tortuously [sic] interfered with [the homeowners'] right[s] to sell their Real Property." On December 14, 2010, the officers moved for partial summary judgment, arguing that because they had been volunteering as officers for a non-profit corporation, they were entitled to statutory immunity under both the federal Volunteer Protection Act ("the Act") and chapter 22 of the Texas Business Organizations Code ("the Code"). *See* 42 U.S.C. § 14503(a); Tex. Bus. Org. Code § 22.235(a). The homeowners filed a response, arguing the officers were not entitled to immunity under either statute because they had intentionally harmed the homeowners and because they had not acted in good faith, with ordinary care, and in a manner reasonably believed to be in the best interest of the HOA.[2]

After a hearing on January 27, 2011, the trial court orally granted the officers' motion, but the trial court did not sign an order to reflect its ruling. The homeowners filed an appeal on February 1. On April 28, the HOA filed for bankruptcy, which triggered an automatic stay that remained in effect until the bankruptcy petition was dismissed on February 12, 2012. Because the trial court had not signed its summary-judgment order, the officers set their motion for another hearing, and the homeowners filed a second response. On February 28, the trial court held a hearing and acknowledged its ruling from the previous year, positing that the order may have been misplaced during the court's transition to a

---

[2] Although the officers moved for summary judgment based on section 22.235, which limits *officer* liability, the homeowners consistently refer to section 22.221, which limits *director* liability. Nevertheless, the homeowners did not allege that the officers were not "officers" as the Code defines the term, and we express no opinion on that issue.

paperless system. The court then signed an order in accordance with its ruling of January 27, 2011. Because the parties had voluntarily nonsuited the remaining claims, the trial court also signed a final judgment.

On appeal, the homeowners argue the trial court erred by granting the motion for summary judgment because there were genuine issues of material fact as to whether the officers were entitled to immunity. Specifically, the homeowners contend that the officers are not immune under the Act because that statute does not limit liability arising from an officer's intentional acts. They also argue the officers are not immune under chapter 22 of the Code because they did not act in good faith, with ordinary care, and in a manner reasonably believed to be in the best interest of the corporation.

## II

We review a trial court's grant of summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004). A movant must establish its right to summary judgment by showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant is entitled to summary judgment if it conclusively negates at least one essential element of the plaintiff's cause of action or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). If the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

We consider all the evidence in the light most favorable to the nonmovant,

crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Id.* An affidavit is competent summary-judgment evidence if it is based on personal knowledge, sets forth facts admissible in evidence, and affirmatively shows the affiant's competency to testify as to the matters stated therein. Tex. R. Civ. P. 166a(f). Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). They are neither credible nor susceptible to being readily controverted. *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam).

When, as here, the order granting summary judgment does not specify the grounds on which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).[3] We can neither affirm nor overrule the summary judgment on grounds asserted for the first time on appeal. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) ("A court cannot grant summary judgment on grounds that were not presented."); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)

---

[3] The officers did not specify whether their motion for summary judgment was a traditional or a no-evidence motion, but they did not expressly allege there was no evidence as to any element of the homeowners' claims. Rather, the officers referred in their motion to their own affidavits, which were attached to and incorporated by reference into the motion, and argued that based on those affidavits, it was "incontrovertible" that the officers acted in good faith, with ordinary care, and in a manner reasonably believed to be in the best interest of the HOA. Therefore, we conclude it was a traditional motion for summary judgment, and we review its merits accordingly. *See* Tex. R. Civ. P. 166a(c).

(explaining that the non-movant must expressly present to the trial court any ground that would defeat the movant's right to summary judgment by filing a written answer or response to the motion and may not later assign any new ground as error on appeal).

## III

Both parties assert issues on appeal that were not raised in the trial court. Specifically, the homeowners contend the HOA does not fall within the Act's definition of a "nonprofit organization." Additionally, the officers argue they were entitled to summary judgment because the homeowners failed to rebut the statutory presumption that the officers acted in good faith, with ordinary care, and in a manner reasonably believed to be in the HOA's best interest. In the alternative, the officers contend they were entitled to summary judgment on the homeowners' tortious-interference claim because the homeowners offered no evidence of contracts that were subject to tortious interference. Because the parties cannot assert grounds for the first time on appeal, we do not consider the merits of these arguments. *See Johnson*, 73 S.W.3d at 204; *Clear Creek Basin Auth.*, 589 S.W.2d at 678–79. As explained below, we are remanding this case for other reasons, so the parties may raise these arguments in the trial court if they wish to do so.

The scope of our review is thus limited to whether the officers were entitled to judgment as a matter of law based on section 22.235 of the Code or section 14503 of the Act.

## A

Section 22.235 of the Code provides:

An officer is not liable to the corporation or any other person for an action taken or omission made by the officer in the person's capacity as an officer unless the officer's conduct was not exercised:

6

(1) in good faith;

(2) with ordinary care; and

(3) in a manner the officer reasonably believes to be in the best interest of the corporation.

Tex. Bus. Org. Code § 22.235(a). "Ordinary care" is defined as "the care that an ordinarily prudent person in a similar position would exercise under similar circumstances." *Id.* § 22.001(6).

In this case, each officer executed an affidavit that was attached to and incorporated by reference into the summary-judgment motion. Relying only on those affidavits, the officers asserted that it was "incontrovertible that [they] acted in good faith, with ordinary care, and in a manner in which they reasonably believed to be in the best interest of the Association." In response, the homeowners contend the affidavits were conclusory and therefore did not establish facts in support of the motion.[4]

Each affidavit contains the following language relevant to this inquiry:

All decisions I made as an officer were made in good faith, and I exercised ordinary care and sought the input of other board members before making my decisions that are being challenged in this litigation. I believe that all the decisions I have made as an officer were in the best interests of the Association.

None of the affidavits provide any underlying facts to support the assertions in this paragraph, and therefore the statements are merely conclusory. Because conclusory statements in an affidavit are not competent summary-judgment evidence, the

---

[4] The homeowners also objected to the affidavits as conclusory in their summary-judgment response in the trial court. Although the record does not reflect a ruling by the trial court on the objection, it is an objection to the substance of the affidavit and may be raised for the first time on appeal. *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Therefore, the challenge was not waived by the failure to obtain the ruling. *See Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 530 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

officers failed to establish that they were entitled to judgment as a matter of law. *See Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999) (concluding that a fiduciary's affidavit, "which gave no basis for its conclusions, was nothing more than a sworn denial of plaintiff's claims and could not support summary judgment"). Accordingly, summary judgment was not proper on the basis of section 22.235.

B

We now address whether the officers were entitled to immunity under section 14503 of the Act, which provides, in relevant part:

> [N]o volunteer of a nonprofit organization or governmental entity shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if—
>
> (1) the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or omission;
>
> . . .
>
> (3) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer.

42 U.S.C. § 14503(a). Again, the affidavits were the only summary-judgment evidence the officers provided to support their argument, and each affidavit contains the following paragraph:

> While volunteering as a Board member for the Association, I did not take any action intending to cause any injury or harm to the [homeowners], nor did I commit criminal misconduct, act in a grossly negligent manner, or engage in reckless misconduct, or flagrant indifference to the rights or safety of others, specifically in regards to [the homeowners].

Like the statements offered under the Code, these statements are conclusory because they are not supported by any underlying facts. Additionally, by stating

8

their conduct did not constitute gross negligence, reckless misconduct, or flagrant indifference, the affiants asserted only legal conclusions, which are insufficient to establish the existence of a fact in support of a motion for summary judgment. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984); *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 545 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Therefore, the officers did not establish that they were entitled to judgment as a matter of law based on section 14503, and summary judgment was not proper on that basis.

\* \* \*

For the foregoing reasons, we conclude the officers did not establish their right to judgment as a matter of law on either of the grounds asserted in their motion.[5] Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

/s/ Jeffrey V. Brown
   Justice

Panel consists of Justices Frost, Brown, and Busby.

---

[5] The parties also dispute whether the homeowners' second response to the motion for summary judgment was properly before the court when it granted the motion. But because the officers did not meet their summary-judgment burden, the burden never shifted to the homeowners. Therefore, we need not determine the issue. *See M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23 ("The nonmovant has no burden to respond to a summary[-]judgment motion unless the movant conclusively establishes its cause of action or defense.").