Opinion issued July 16, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22–00864-CV

_____

## MARCO ANTONIO CHAGOYA AND JOSE MANUEL FIGUEROA, Appellants

## V.

## MARIO VILCHIS, Appellee

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2021-42426

## MEMORANDUM OPINION ON REHEARING

Appellants Marco Antonio Chagoya and Jose Manuel Figueroa moved for

rehearing of our April 27, 2023 opinion and judgment dismissing this appeal for

want of prosecution. In a June 20, 2023 order, we granted the motion for rehearing,

withdrew our April 27, 2023 opinion and judgment, and reinstated the appeal. We now issue this opinion and judgment on the merits of the appeal.

Chagoya and Figueroa sued appellee Mario Vilchis for allegedly breaching separate oral agreements. Chagoya and Figueroa asserted a single cause of action for breach of contract, and Figueroa asserted an alternative claim for quantum meruit. Vilchis filed a traditional and no-evidence motion for summary judgment on all the claims. The trial court granted the motion and dismissed Chagoya's and Figueroa's claims.

In a single issue with several subparts on appeal, Chagoya and Figueroa contend that the trial court erred by granting the motion for summary judgment because genuine issues of material fact exist concerning: (1) Chagoya's breach of contract claim; (2) Figueroa's breach of contract claim and alternative quantum meruit claim; (3) whether the statute of limitations bars Chagoya's breach of contract claim; and (4) whether the statute of frauds bars Chagoya's claims. Chagoya and Figueroa further contend that (5) Vilchis did not establish that he was entitled to judgment as a matter of law based on Chagoya's and Figueroa's joinder of unrelated claims in one lawsuit. We affirm in part and reverse and remand in part.

**Background**

Chagoya and Figueroa alleged that they separately entered into oral agreements with Vilchis which Vilchis breached. Except for the alleged contractual relationships, there is no apparent relationship between the parties.

Chagoya alleged that he entered into two separate oral agreements with Vilchis. First, on October 4, 2018, he allegedly loaned $10,000 to Vilchis to be repaid in one year pursuant to an oral agreement. Second, in March 2019, Chagoya allegedly paid Vilchis $700 and loaned him an additional $3,000 in exchange for Vilchis performing paint and body work on Chagoya's vehicle. Vilchis did not perform the work on the vehicle or return it to Chagoya, and Vilchis repaid only $8,000 on the $13,000 principal of both loans. Chagoya further alleged that Vilchis filed a criminal charge against him to avoid repaying the debt, requiring Chagoya to hire counsel and incur attorney's fees defending against the criminal charge. As a result of these transactions, he alleged that Vilchis owed him $14,700: $5,000 for the unpaid balance remaining on the two loans; $5,000 for the value of Chagoya's vehicle that Vilchis never returned; $700 for the payment Chagoya made for vehicle work that was not performed; and $4,000 in legal fees incurred by Chagoya in defending against the criminal charge.

Figueroa alleged that he and Vilchis entered into one oral agreement in November 2018. Figueroa agreed to perform remodeling services for Vilchis in

3

exchange for a truck valued at $5,000. Figueroa performed the remodeling services, but Vilchis did not deliver the truck.

In July 2021, Chagoya and Figueroa filed suit against Vilchis. Vilchis filed special exceptions, verified denials, and an answer. In January 2022, Chagoya and Figueroa filed their live pleading, a first amended petition asserting a single cause of action for breach of contract. Figueroa also asserted an alternative cause of action for quantum meruit. They sought actual damages, interest, costs, and attorney's fees.

Vilchis filed a traditional and no-evidence motion for summary judgment. He asserted four traditional grounds. First, he argued that Chagoya's and Figueroa's "claims were procedurally defective because they improperly joined unrelated claims" in one lawsuit. Vilchis argued that the trial court had previously granted his special exceptions and required Chagoya and Figueroa to replead to cure the defect, but they did not replead. Vilchis requested that the trial court strike Chagoya's and Figueroa's pleadings or alternatively grant summary judgment and dismiss the claims.

Second, Vilchis argued that the four-year statute of limitations barred Chagoya's claim for breach of contract concerning the alleged $10,000 loan. Vilchis denied that he made an oral agreement with Chagoya at all, including in October 2018. Rather, Vilchis contended that Chagoya had loaned $10,000 to Vilchis's father, Felix Vilchis Castro, in October 2013, and Chagoya sought to recover

4

Castro's debt from Vilchis. Vilchis argued that this claim was barred by the statute of limitations. He further argued that his mother had repaid Chagoya for Castro's debt. He supported this argument with an affidavit in which he stated the details of an alleged October 2013 loan agreement between Chagoya and Castro, although Vilchis conceded that he "was not a witness to the agreement[.]" Vilchis also produced a bank withdrawal slip purporting to show a $10,000 withdrawal. Vilchis averred that he was the custodian of his mother's financial records, and the bank slip reflected that $10,000 was withdrawn from his mother's account. This amount was then used to repay Chagoya for the October 2013 loan to Castro.

Third, Vilchis argued that the statute of frauds barred Chagoya's claims. Relying on the alleged 2013 loan agreement between Chagoya and Castro, Vilchis characterized this claim as one seeking to recover for the debt of a third party. Vilchis argued that the statute of frauds requires that, to be enforceable, a promise by one person to pay for the debt of another person must be in writing and signed by the promisor. Because there was no evidence of a signed writing, Vilchis argued that Chagoya's claims were barred by the statute of frauds.

Fourth, Vilchis argued that no legal authority authorized Chagoya to recover legal fees incurred in defending against a criminal charge in a separate proceeding.

Finally, Vilchis raised no-evidence challenges to Chagoya's and Figueroa's claims. Vilchis argued that Chagoya and Figueroa had no evidence to support

5

multiple elements of their breach of contract claim and Figueroa's alternative claim for quantum meruit.

Chagoya and Figueroa filed a joint summary judgment response. They did not directly address any of Vilchis's traditional summary judgment grounds, although Chagoya disputed that he was suing Vilchis based on an agreement between Chagoya and Vilchis's father. Chagoya and Figueroa produced unsworn declarations describing the various oral agreements they each entered into with Vilchis, and they relied on these declarations as their primary summary judgment evidence.

Vilchis filed a reply. He objected to Chagoya's and Figueroa's declarations and sought to strike them. Vilchis argued that the declarations were conclusory, self-serving, hearsay, and lacked corroborating evidence. Vilchis similarly attacked the declarations when arguing that Chagoya and Figueroa produced no evidence to support the challenged elements of their claims. Vilchis also argued that he was entitled to traditional summary judgment because Chagoya and Figueroa joined unrelated claims and because Vilchis's mother fully repaid the $10,000 loan to Chagoya.

The trial court signed an order granting Vilchis's motion for summary judgment and dismissing all Chagoya's and Figueroa's claims against Vilchis. This appeal followed.

**Summary Judgment**

In their sole issue on appeal, Chagoya and Figueroa contend that the trial court erred by granting summary judgment in favor of Vilchis. Primarily, the parties dispute whether Chagoya's and Figueroa's unsworn declarations raised fact issues on each challenged element of their claims sufficient to defeat no-evidence summary judgment. Additionally, the parties dispute whether dismissal of claims is a proper remedy for misjoinder of unrelated claims; whether Chagoya's claims are barred by the statute of limitations and statute of frauds; and whether Chagoya may recover attorney's fees incurred in defending a criminal charge as damages for breach of contract.

**A.     Standard of Review**

We review a trial court's summary judgment ruling de novo. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021). When, as here, the trial court does not specify the grounds upon which it relied for its ruling, we must affirm summary judgment if any of the grounds asserted in the motion are meritorious. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *Brumfield v. Williamson*, 634 S.W.3d 170, 195 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). If a party moves for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence portion of the motion. *Lightning Oil*, 520 S.W.3d at 45. If the nonmovant

7

does not meet his no-evidence burden "on any claim, we need not address the traditional motion to the extent it addresses the same claim." *Id.*

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the adverse party would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on each challenged element. *Id.*; *Lightning Oil*, 520 S.W.3d at 45; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Evidence is less than a scintilla if it is so weak as to do no more than create a mere surmise or suspicion. *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

To be entitled to traditional summary judgment, the movant must demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant satisfies this burden, the burden shifts to the nonmovant to raise a fact issue precluding summary judgment. *Lujan*, 555 S.W.3d at 84. In reviewing the trial court's summary judgment ruling, we consider the evidence in the light most favorable to the nonmovant, indulge every reasonable

inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Id.*

## B. Whether Unsworn Declarations are Competent Summary Judgment Evidence

The parties primarily dispute whether Chagoya's and Figueroa's unsworn declarations raised fact issues on each challenged element of their claims. On appeal, Vilchis argues that unsworn declarations are not competent summary judgment evidence; the statements in the declarations were not corroborated by extrinsic evidence; and the declarations did not satisfy Chagoya's and Figueroa's burden to prove their claims. We disagree.

First, in arguing that unsworn declarations are not competent summary judgment evidence, Vilchis does not cite to any legal authority or provide any substantive analysis supporting this argument. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 38.2(a) (requiring appellee's brief to conform to requirements of appellant's brief with exceptions not relevant here); *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("Failure to cite to appropriate legal authority or to provide substantive analysis of the legal issues presented results in waiver of a complaint on appeal."). In any event, Vilchis is incorrect.

Rule of Civil Procedure 166a expressly contemplates the use of affidavits in summary judgment proceedings. TEX. R. CIV. P. 166a(a)–(c), (f). Moreover, "an unsworn declaration may be used in lieu of a written sworn declaration . . . or affidavit required by statute or required by a rule . . . ." TEX. CIV. PRAC. & REM. CODE § 132.001(a); *see also Horie v. L. Offs. of Art Dula*, 560 S.W.3d 425, 439 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that unsworn declaration which "substantially complies" with section 132.001(a) "has the same effect as an affidavit"). Unsworn declarations require several formalities, including that they be in writing and subscribed as true under penalty of perjury. TEX. CIV. PRAC. & REM. CODE § 132.001(c). Vilchis does not argue that either declaration omits any required information, and our review of the declarations reveals that they comply with the requirements in section 132.001. *See id.* We therefore conclude that unsworn declarations that comply with section 132.001 constitute competent summary judgment evidence.

Second, Vilchis argues that declarations must be corroborated by extrinsic evidence to be admissible, but Vilchis does not cite to any legal authority supporting this argument. *See* TEX. R. APP. P. 38.1(i), 38.2(a); *Guimaraes*, 562 S.W.3d at 538. Rule 166a does not require that affidavits be supported by extrinsic evidence. To the contrary, "summary judgment may be based on uncontroverted testimonial evidence of an interested witness" if the evidence is "clear, positive and direct, otherwise

credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). Vilchis does not argue that either declaration failed to meet this standard. *See id.* Thus, the declarations were not inadmissible merely because they lacked corroborating evidence.

Finally, we disagree with Vilchis that the declarations did not meet Chagoya's and Figueroa's burden to prove their claims. At the summary judgment stage, Chagoya and Figueroa were required to raise fact issues on their claims, not marshal all their proof on the claims. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) ("Although the nonmoving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements."). To the extent Vilchis contends that Chagoya and Figueroa had to prove their claims by a preponderance of the evidence, we disagree. We conclude that Chagoya's and Figueroa's declarations constituted competent summary judgment evidence.

## C.     Whether Chagoya and Figueroa Raised a Fact Issue on Their Claims

On appeal, Chagoya and Figueroa argue that their declarations raised fact issues on their claims which precluded summary judgment. In response, Vilchis raises additional challenges to Chagoya's and Figueroa's declarations. Specifically, Vilchis argues that the statements in the declarations are conclusory, self-serving, and inadmissible hearsay, and thus the declarations did not raise fact issues on the claims.

11

### 1. Chagoya's Breach of Contract Claim

In the live petition, Chagoya asserted a single cause of action for breach of contract against Vilchis. Chagoya alleged that he entered into two oral agreements with Vilchis. The first agreement was for Chagoya to loan Vilchis $10,000 to be repaid in one year. The second agreement was for Vilchis to perform work on Chagoya's vehicle in exchange for $700 and a $3,000 loan to be repaid to Chagoya in three months. Chagoya paid the money to Vilchis, but Vilchis repaid only $8,000 of the two loans, and he did not perform the work on the vehicle or return it to Chagoya. To avoid repaying the debt, Vilchis filed a criminal charge against Chagoya, causing Chagoya to incur $4,000 in legal fees defending against the charge. Vilchis moved for no-evidence summary judgment on several elements of Chagoya's breach of contract claim.

To prevail on a claim for breach of contract, a plaintiff must establish that: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages caused by the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). A valid contract requires: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and

12

binding. *Porter-Garcia v. Travis L. Firm, P.C.*, 564 S.W.3d 75, 87 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Oral agreements are enforceable contracts. *Id.*; *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). In determining the existence of an oral contract, the court considers communications between the parties and the acts and circumstances surrounding those communications. *Porter-Garcia*, 564 S.W.3d at 87.

In his summary judgment motion, Vilchis challenged all four elements of Chagoya's breach of contract claim. Concerning the first element—the existence of a valid contract—Vilchis argued that no evidence established an offer, acceptance, or an agreement constituting a valid contract. Chagoya relied on his unsworn declaration to raise fact issues on these challenged elements. This declaration stated as follows:

> 3. On or about October 4, 2018, I agreed to loan [Vilchis] $10,000 and [Vilchis] agreed to repay me that full amount in one year. [Vilchis] and I verbally agreed to these terms and there were no other material terms to this agreement. When I made that loan to [Vilchis], there were various witnesses that witnessed the loan. I paid $10,000 in cash to [Vilchis] to abide by my portion of the loan agreement. [Vilchis] stated that [he] needed to borrow $10,000 from me to pay off various debts and other expenses.

> 4. In March 2019, I brought a Ford F-150 truck to [Vilchis] for painting and body work. [Vilchis] agreed to perform work on the vehicle but [he] also required an additional $3,000 loan from me, stating that [he] had additional debts and expenses that [he] needed to pay. Since I believed [Vilchis] and was trying to help [him] through his

13

difficult situation, I lent [him] the additional $3,000. [Vilchis] and I verbally entered into this agreement for this additional loan amount. [Vilchis] promised to repay me the total debt owed in three months. I tendered the additional $3,000 sum in cash to [Vilchis]. I also paid [Vilchis] $700 for [him] to perform the repair services on his [sic] truck.

5.      However, three additional months came and went without any payment whatsoever from [Vilchis] to myself. Also, despite my paying [Vilchis] to perform work on his [sic] truck, [Vilchis] never gave me his [sic] truck back. [Vilchis] retained possession of the truck and did not provide the promised work on the truck. Instead, [he] filed frivolous criminal charges against me in an attempt to not pay me the debt [he] still owes to me. [Vilchis's] criminal charges against me are not based in fact and were fabricated to avoid payment to me. I have now had to hire an attorney to defend [Vilchis's] frivolous criminal charges and [have] incurred attorney's fees in defending those frivolous claims.

6.      A partial payment of $8,000 was made to me by Felix Vilchis Castro, reducing the total debt [Vilchis] owes to me. I have given credit to [Vilchis] for the partial payment made to [me] by Felix Vilchis Castro. Despite that partial payment, [Vilchis] still owes the following debts to me:

    a.    $5,000 balance owed on $13,000 loan from myself to [Vilchis];

    b.    $5,000 for my truck;

    c.    $700 for my $700 payment to [Vilchis] to perform work on my truck;

    d.    $4,000 for my legal costs in having to defend [myself] from frivolous criminal charges filed by [Vilchis] against me;

    e.    TOTAL: $14,700.

Vilchis correctly notes that conclusory statements in a declaration are insufficient to raise a fact issue precluding summary judgment. *Hall v. Bean*, 416 S.W.3d 490, 493 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Ryland Grp.,*

*Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) ("Conclusory affidavits are not enough to raise fact issues."). A conclusory statement expresses "a factual inference without stating the underlying facts on which the inference is based." *Concierge Nursing Ctrs., Inc. v. Antex Roofing, Inc.*, 433 S.W.3d 37, 50 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quotation omitted). Conclusory statements are "neither credible nor susceptible to being readily controverted." *Hall*, 416 S.W.3d at 493; *see also Ryland Grp.*, 924 S.W.2d at 122.

We disagree with Vilchis, however, that the statements in Chagoya's declaration were conclusory. Chagoya declared that he agreed to lend Vilchis $10,000 on October 4, 2018, because Vilchis needed to pay debts and expenses. Chagoya paid Vilchis $10,000 in cash, and the loan was due and payable in one year. Chagoya further declared that in March 2019, he paid Vilchis $700 in cash and loaned Vilchis $3,000 in exchange for Vilchis repairing Chagoya's vehicle. Vilchis did not repair the vehicle or return it to Chagoya, and he did not repay $5,000 on the balance of the two loans. These statements are all assertions of fact, not unsupported conclusions or inferences. *See Concierge Nursing Ctrs.*, 433 S.W.3d at 50; *see also Patel v. Chaudhari*, No. 01-22-00187-CV, 2023 WL 4937056, at *6 (Tex. App.— Houston [1st Dist.] Aug. 3, 2023, pet. denied) (mem. op.) (concluding that declarations identifying parties to loan agreements, amounts loaned, purposes of loans, and dates of loans constituted assertions of fact, not unsupported conclusions

15

or inferences); *Eberstein v. Hunter*, 260 S.W.3d 626, 629 (Tex. App.—Dallas 2008, no pet.) (concluding that affidavit calculating amounts of unpaid contractual alimony payments for four time periods and stating aggregate amount of unpaid payments was not conclusory because statements recited facts based on personal knowledge). We therefore conclude that Chagoya's declaration was not conclusory.

Moreover, the fact that an affidavit is self-serving does not necessarily mean that it is improper summary judgment evidence. *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam). Summary judgment may be based upon the uncontroverted testimony of an interested witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. "'Could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence." *Trico Techs.*, 949 S.W.2d at 310. To the extent Chagoya's declaration is self-serving, it is also clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. Chagoya's declaration "could have been effectively countered by opposing evidence," including by Vilchis's own affidavit denying Chagoya's claims. *See*

16

*Trico Techs.*, 949 S.W.2d at 310; *Patel*, 2023 WL 4937056, at \*6. Because Chagoya's declaration "could have been readily controverted," we conclude that it is proper summary judgment evidence. *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310.

Furthermore, we disagree with Vilchis that Chagoya's declaration was inadmissible hearsay of statements allegedly made by Vilchis. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Generally, hearsay is not admissible evidence. TEX. R. EVID. 802. However, Rule 801(e)(2) provides that an opposing party's statement that meets certain conditions is not hearsay. TEX. R. EVID. 801(e)(2). Vilchis does not challenge any specific statement in the declaration as hearsay or argue that the statements in the declaration do not meet the criteria for an opposing party statement. Chagoya's declaration was therefore not inadmissible hearsay.

We conclude that Chagoya's declaration raised fact issues on whether: (1) the parties made an offer, accepted the offer, and entered into a valid contract; (2) Chagoya performed under the contract by paying Vilchis $13,700 and delivering his vehicle to Vilchis for repairs; (3) Vilchis breached the contract by failing to repay the full loan amount, repair the vehicle, or return the vehicle; and (4) Chagoya sustained damages as a result of Vilchis's breach of contract. *See Pathfinder Oil*, 574 S.W.3d at 890; *Porter-Garcia*, 564 S.W.3d at 87. Chagoya's declaration shows

17

the parties' communications concerning the terms, formation, and performance of the contract and the acts and circumstances surrounding these communications, which we may consider in determining the existence of an oral contract. *See Porter-Garcia*, 564 S.W.3d at 87. Because Chagoya raised more than a scintilla of evidence on each element of his breach of contract claim challenged by Vilchis, we conclude that the trial court erred by granting no-evidence summary judgment on this claim. *See King Ranch*, 118 S.W.3d at 751.

We note that in a separate section of his motion, Vilchis argued that his mother repaid Chagoya $10,000 in October 2020. We construe this argument as asserting a traditional ground for summary judgment on Chagoya's breach of contract claim concerning the $10,000 loan. In support of this argument, Vilchis produced an affidavit in which he stated that his mother repaid Chagoya $10,000 that Chagoya had loaned to Castro in October 2013. Vilchis also produced a bank withdrawal slip purportedly showing that $10,000 was withdrawn from a bank account, and Vilchis averred that this amount was paid to Chagoya in satisfaction of his loan to Castro.

As discussed above, however, Chagoya asserted a claim against Vilchis based on a 2018 loan agreement between Chagoya and Vilchis, not a 2013 agreement between Chagoya and Castro. Vilchis's summary judgment evidence supporting his argument that the 2013 loan agreement was satisfied is not relevant to Chagoya's claim concerning the October 2018 loan from Chagoya to Vilchis. Chagoya's

18

declaration raised genuine issues of material fact concerning whether Chagoya and Vilchis entered into an oral loan agreement in October 2018 and whether Vilchis had performed by repaying the loan. Therefore, to the extent Vilchis raised this traditional ground and the trial court granted summary judgment on this ground, the trial court erred by granting summary judgment.

### 2. Figueroa's Breach of Contract Claim and Alternative Claim for Quantum Meruit

The parties' arguments on appeal concerning no-evidence summary judgment on Figueroa's claims are substantially similar to those addressed above concerning Chagoya's claim. Figueroa contends that his declaration raised fact issues on the challenged elements of his claims. As with Chagoya's declaration, Vilchis challenges the statements in Figueroa's declaration as conclusory, self-serving, and inadmissible hearsay.

Figueroa asserted two causes of action against Vilchis: one claim for breach of contract and an alternative claim for quantum meruit. Figueroa alleged that in November 2018, he and Vilchis orally agreed that Figueroa would perform remodeling services for Vilchis in exchange for a vehicle valued at $5,000. Figueroa performed the services, but Vilchis never delivered the vehicle.

In his summary judgment motion, Vilchis argued that Figueroa had no evidence of the following elements of his breach of contract claim: (1) an offer, acceptance, or agreement concerning remodeling services; (2) Figueroa's

19

performance of the remodeling services for Vilchis's benefit; (3) Vilchis's breach of the contract by failing to pay for the remodeling services; and (4) actual damages sustained by Figueroa due to Vilchis's breach of the agreement. *See Pathfinder Oil*, 574 S.W.3d at 890 (stating elements of claim for breach of contract); *Porter-Garcia*, 564 S.W.3d at 87 (stating elements of valid contract).

Vilchis also argued that Figueroa had no evidence to support any element of a quantum meruit claim. Quantum meruit is an equitable theory "founded in the principle of unjust enrichment." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 436 (Tex. 2023) (quotation omitted); *see Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732 (Tex. 2018) (stating that equitable remedy of quantum meruit is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted") (quotation omitted). To recover under a theory of quantum meruit, a plaintiff must establish four elements: (1) the plaintiff rendered valuable services or furnished materials; (2) for the defendant; (3) the services or materials were accepted by the defendant; and (4) the defendant was reasonably notified that the plaintiff performing the services or providing the materials was expecting to be paid. *Tex. Med. Res.*, 659 S.W.3d at 436.

Figueroa's declaration stated as follows:

I made an agreement to perform remodeling work for [Vilchis] in exchange for a truck valued at $5,000. [Vilchis] and I entered into this verbal agreement in November 2018. I performed the work, but

[Vilchis] never delivered the truck. [Vilchis] is indebted to me in the amount of $5,000.

We disagree with Vilchis that the statements in Figueroa's declaration are conclusory. *See Concierge Nursing Ctrs.*, 433 S.W.3d at 50; *Hall*, 416 S.W.3d at 493. Figueroa declared that he and Vilchis entered into an oral agreement in November 2018 for Figueroa to perform remodeling services in exchange for Vilchis giving Figueroa a truck valued at $5,000. Figueroa performed the remodeling work, but Vilchis did not pay for the services. Like Chagoya's declaration, Figueroa's declaration contains assertions of fact, not unsupported conclusions or inferences, and thus the statements are not conclusory. *See Concierge Nursing Ctrs.*, 433 S.W.3d at 50; *see also Patel*, 2023 WL 4937056, at \*6; *Eberstein*, 260 S.W.3d at 629.

As to Figueroa's alternative claim for quantum meruit, Figueroa described the type of services he performed. He also stated that he performed the services in exchange for a $5,000 vehicle, which implies that the services were valuable. Figueroa also stated that he performed the remodeling work for Vilchis and implied that Vilchis accepted the work. Finally, Vilchis's alleged agreement to give Figueroa a $5,000 vehicle in exchange for the remodeling services indicates that Vilchis was reasonably notified that Figueroa expected payment for the remodeling services. These are assertions of fact rather than unsupported conclusions or inferences. *See Concierge Nursing Ctrs.*, 433 S.W.3d at 50; *see also Patel*, 2023 WL 4937056, at

*6; *Eberstein*, 260 S.W.3d at 629. We therefore disagree with Vilchis that Figueroa's declaration was conclusory.

Moreover, Figueroa's declaration is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX. R. CIV. P. 166a(c); *Trico Techs.*, 949 S.W.2d at 310. Figueroa's declaration "could have been effectively countered by opposing evidence," including by Vilchis's own affidavit denying that he entered into the alleged oral agreement. *See Trico Techs.*, 949 S.W.2d at 310; *Patel*, 2023 WL 4937056, at *6. Thus, even if Figueroa's declaration is self-serving, it is nevertheless admissible. Furthermore, like Chagoya, Figueroa is an opposing party, and thus his declaration is not inadmissible hearsay. *See* TEX. R. EVID. 801(e)(2).

We conclude that Figueroa's summary judgment evidence raised fact issues on the challenged elements of his breach of contract claim and alternative claim for quantum meruit. Figueroa stated that he and Vilchis entered into a valid oral contract for Figueroa to perform remodeling services for Vilchis; Figueroa performed the remodeling services; Vilchis breached the contract by failing to pay for the services; and Figueroa sustained damages by Vilchis's alleged breach of the agreement. *See Pathfinder Oil*, 574 S.W.3d at 890; *Porter-Garcia*, 564 S.W.3d at 87. Figueroa also declared that he rendered valuable remodeling services for Vilchis, who accepted the services and was reasonably notified that Figueroa expected payment for them.

22

*See Tex. Med. Res.*, 659 S.W.3d at 436. Because Figueroa raised more than a scintilla of evidence on each element of his breach of contract claim and alternative claim for quantum meruit, we conclude that the trial court erred by granting no-evidence summary judgment on these claims. *See King Ranch*, 118 S.W.3d at 751.

**D.    Traditional Summary Judgment Grounds**

Chagoya and Figueroa also argue that Vilchis was not entitled to summary judgment on the traditional grounds raised in the motion.

**1.    Joinder of Unrelated Claims**

In his summary judgment motion, Vilchis argued that Chagoya and Figueroa improperly joined unrelated claims under Rule of Civil Procedure 40, and thus their petition was procedurally defective. Vilchis further argued that the trial court had sustained his special exceptions to the original petition and ordered Chagoya and Figueroa to replead to cure the defect or the court would strike the defective pleadings. The appellate record does not contain any order on special exceptions.

On appeal, Chagoya and Figueroa do not dispute that their claims are unrelated. They argue, however, that Rule 41 prohibits dismissal of claims on the ground of misjoinder. Vilchis does not address Rule 41 on appeal.

Rule 40 provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or

23

occurrences and if any question of law or fact common to all of them will arise in the action.

TEX. R. CIV. P. 40. Chagoya's and Figueroa's claims do not arise out of the same transaction, occurrence, or series of transactions; rather, their claims arise from separate oral agreements which each allegedly entered into separately with Vilchis. Under a plain reading of Rule 40, Chagoya's and Figueroa's claims were not properly joined in one action against Vilchis. *See id.*

Nevertheless, Rule 41 expressly prohibits a court from dismissing an action based on misjoinder: "Misjoinder of parties is not ground for dismissal of an action." TEX. R. CIV. P. 41. Rather than dismissal, Rule 41 provides that "actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action" prior to trial "on such terms as are just." *Id.* Under a plain reading of Rule 41, Chagoya's and Figueroa's joinder of their unrelated claims in one action was not grounds for dismissal, even if Rule 40 did not permit joinder of these claims. *See id.* Texas courts that have considered this issue have also construed Rule 41 as prohibiting a trial court from dismissing an action based on misjoinder. *E.g.*, *Landers v. E. Tex. Salt Water Disposal Co.*, 248 S.W.2d 731, 732 (Tex. 1952) ("A plea of misjoinder [of parties and causes of action], though sustained, can no longer in itself result in a dismissal.") (citing TEX. R. CIV. P. 41); *D'Tel Commc'ns v. Roadway Package Serv.,*

24

*Inc.*, 987 S.W.2d 213, 214 (Tex. App.—Eastland 1999, no pet.) ("The remedy for misjoinder is not dismissal but severance.") (citing TEX. R. CIV. P. 41); *Richard v. Taylor*, 886 S.W.2d 848, 850 (Tex. App.—Beaumont 1994, writ denied) ("Texas Rule of Civil Procedure 41 clearly states that misjoinder is not a basis for dismissal. The additional claims asserted by Appellants should have been severed and made the subject of a separate suit under a separate cause number with a separate judgment.").

Vilchis's sole reliance on Rule 40 is misplaced. Although that rule may not have permitted Chagoya and Vilchis to join their unrelated claims in one lawsuit, nothing in the rule authorizes dismissal of the lawsuit for joining unrelated claims. *See* TEX. R. CIV. P. 40. Moreover, Rule 41 expressly prohibits dismissal based on misjoinder of parties. TEX. R. CIV. P. 41. Therefore, Vilchis did not establish his right to judgment as a matter of law under Rule 40.

Vilchis's motion for summary judgment also relied on a purported trial court order sustaining special exceptions and ordering Chagoya and Figueroa to replead or have their pleadings stricken. The appellate record does not, however, contain any order on special exceptions.[1] Thus, the appellate record does not support Vilchis's argument concerning an order on special exceptions.

---

[1]     Chagoya and Figueroa attached an appendix to their appellate brief containing two trial court orders on special exceptions and a letter from Vilchis to the court concerning special exceptions. However, we may only consider documents

We conclude that Vilchis did not establish his entitlement to summary judgment on the ground that Chagoya and Figueroa improperly joined unrelated claims against Vilchis in one lawsuit in violation of Rule 40. We hold that the trial court erred to the extent it granted summary judgment on this ground.

## 2.    Statute of Limitations

In his summary judgment motion, Vilchis also argued that Chagoya's claim for breach of contract concerning the $10,000 loan was barred by the four-year statute of limitations for such claims. In making this argument, Vilchis denied that he ever borrowed money from Chagoya; rather, Vilchis argued that Chagoya's allegations concerned a $10,000 loan from Chagoya to Vilchis's father, Castro, pursuant to an agreement made in October 2013. Because Chagoya filed suit in July 2021, Vilchis argued that the claim concerning the $10,000 loan was barred by the statute of limitations. Vilchis attached an affidavit swearing to these facts, although he also averred that he "was not a witness to the agreement[.]"

On appeal, Chagoya does not dispute that the statute of limitations for a breach of contract claim is four years. Instead, he argues that his declaration raised a fact question concerning whether he and Vilchis were parties to an October 2018 loan

---

contained in the appellate record; we may not consider documents outside the record even if they are attached to a party's appellate brief. *Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

26

agreement. Chagoya filed suit within four years of this alleged agreement. We agree with Chagoya.

The parties do not dispute that the statute of limitations for a breach of contract claim is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3); *Lyle v. Jane Guinn Revocable Tr.*, 365 S.W.3d 341, 354–55 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Chagoya filed his original petition in July 2021, and therefore the statute of limitations would bar Chagoya from enforcing a 2013 agreement but not an October 2018 agreement.

We already determined above that Chagoya's declaration raised genuine issues of material fact on the challenged elements of his breach of contract claim. Specifically, Chagoya stated that on "October 4, 2018, [he] agreed to loan [Vilchis] $10,000 and [Vilchis] agreed to repay [him] that full amount in one year." Thus, Chagoya's declaration raises a fact question on whether Vilchis was a party to an October 2018 loan agreement with Chagoya. Vilchis's denial that this agreement occurred and characterization of the claim as involving a wholly separate agreement does not resolve the disputed fact question. *See* TEX. R. CIV. P. 166a(c) (stating that summary judgment is proper if "there is no genuine issue as to any material fact," and "summary judgment may be based on *uncontroverted* testimonial evidence of an interested witness") (emphasis added); *City of Keller v. Wilson*, 168 S.W.3d 802,

27

819 (Tex. 2005) ("Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony.").

Because Chagoya filed suit within four years of the date he and Vilchis allegedly entered into the oral agreement concerning the $10,000 loan, Chagoya has raised a genuine issue of material fact concerning whether the statute of limitations bars his claim for breach of contract. Accordingly, we hold that the trial court erred to the extent it granted summary judgment based on statute of limitations.

### 3. Statute of Frauds

Vilchis's summary judgment motion also argued that because Chagoya was suing to recover Vilchis's father's debt, Chagoya was essentially suing Vilchis based on Vilchis's promise to repay the debt of a third person. Vilchis argued that the statute of frauds requires such an agreement to be in writing and signed by Vilchis. On appeal, Chagoya argues that he raised a fact question on this issue.

As Vilchis correctly states, the statute of frauds requires that "a promise by one person to answer for the debt, default, or miscarriage of another person" must be in writing and signed by the promisor. *See* TEX. BUS. & COM. CODE § 26.01(a), (b)(2). However, Chagoya did not allege that Vilchis breached a promise to answer for Castro's debt. Rather, Chagoya alleged that Vilchis breached his own oral agreements with Chagoya, and as discussed above, Chagoya's summary judgment evidence raised a fact issue on his breach of contract claims. Because fact questions

28

exist concerning whether Vilchis breached alleged agreements with Chagoya, Vilchis is not entitled to summary judgment based on the statute of frauds.

### 4. Attorney's Fees Incurred in Defending a Criminal Charge

Finally, Chagoya contends that his breach of contract damages include $4,000 in attorney's fees that he allegedly incurred in defending against a criminal charge filed by Vilchis to avoid repaying the debt. On appeal, Chagoya provides no substantive analysis of this argument and points to no legal authority authorizing a party in a civil case to claim attorney's fees incurred in a separate criminal proceeding as damages for a breach of contract. As stated above, a party waives a complaint on appeal by failing to cite to appropriate legal authority or to provide substantive analysis of the legal issues presented. *Guimaraes*, 562 S.W.3d at 538; TEX. R. APP. P. 38.1(i). We therefore conclude that Chagoya has waived appellate review of the portion of the trial court's order granting summary judgment on and dismissing Chagoya's claim for $4,000 in attorney's fees incurred in a separate criminal proceeding as damages for breach of contract.

We sustain in part and overrule in part Chagoya's and Figueroa's sole issue on appeal.

29

## Conclusion

We affirm the portion of the trial court's judgment dismissing Chagoya's claim for damages in the amount of $4,000 allegedly incurred in defending a separate criminal action. We reverse the remainder of the trial court's judgment and remand to the trial court for further proceedings.

April L. Farris
Justice

Panel consists of Justices Goodman, Countiss, and Farris.